ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RAFAEL DANIEL<br>DE LA CRUZ JIMENEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19-1761C |
| v. | ) | (Senior Judge Wolski) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## **DEFENDANT'S MOTION TO DISMISS**

Pursuant to United States Court of Federal Claims Rules 12(b)(1) and 12(b)(6), defendant, the United States, respectfully requests that the Court dismiss the complaint filed by *pro se* plaintiff, Rafael Daniel De La Cruz Jimenez, for lack of jurisdiction and failure to state a claim. Here, Mr. De La Cruz Jimenez's complaint is primarily based on breach of a purported contract with various Federal Bureau of Prisons (BOP) officials, deliberate indifference and gross negligence related to his medical care in prison, and specific performance of the purported contract, as well as other unclear allegations. Dkt. No. 1.

The Tucker Act waives sovereign immunity for claims against the United States in this Court, not sounding in tort, that are founded upon money-mandating provisions of the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. *See* 28 U.S.C. § 1491(a)(1); *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 400 (1976); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013); *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004). When ruling on a motion to dismiss for lack of jurisdiction, the Court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke*



RECEIVED
DOJ COURIER
JAN 13 2020
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

*v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). However, the leniency afforded to a *pro se* plaintiff with respect to formalities does not relieve them from satisfying jurisdictional requirements. *See Kelley v. Secretary, US. Dept. of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Additionally, a motion to dismiss pursuant to RCFC 12(b)(6) will be granted if the facts asserted in the complaint do not entitle the plaintiff to a legal remedy. *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(2). The pleading standard set forth in RCFC 8 does not require "detailed factual allegations," but does demand more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Labels, conclusions, and conclusory allegations are not entitled to the assumption of truth. *See Ashcroft*, 556 U.S. at 680; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, the Court should dismiss the complaint because the substance of the allegations are clearly directed at Federal officials, over which this Court does not possess jurisdiction. *Hairston v. United States*, 99 Fed. Cl. 695, 697-98 (2011) (citing *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("*Bivens* actions ... lie outside the jurisdiction of the Court of Federal Claims.")). And allegations that the BOP failed to provide appropriate medical care are claims sounding in tort or under the Eighth Amendment, over which this Court also lacks jurisdiction. *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007).

Additionally, despite his conclusory allegations of a contract, Mr. De La Cruz Jimenez has not alleged all the requisite elements of a contract with the United States or Federal officials, nor can he establish them. He appears to allege that a contract was created when BOP officials did not respond to his demand for $52 million or what he deems "informed consent, stipulated

2

and agreed." Dkt. No. 1 at 11; Dkt. No. 1-2. This conclusory allegation of a contract fails to allege or establish: (1) lack of ambiguity in offer and acceptance; (2) mutuality of intent to contract; (3) sufficient conduct by a Government representative having actual authority to bind the Government in contract; and (4) consideration. *Pennsylvania Dep't of Pub. Welfare v. United States*, 48 Fed. Cl. 785, 787-88 (2001) (citing *Nevin v. United States,* 43 Fed.Cl. 151 (1999), *aff'd.* 232 F.3d 912 (Fed.Cir.2000)). As such, complaint counts one and three must also be dismissed under Rule 12(b)(6).

Finally, it does not appear that transferring the complaint to district court on plaintiff's inadequate medical care claim "is in the interests of justice." 28 U.S.C. § 1631 (this Court may transfer the complaint to the appropriate court when it determines that it lacks jurisdiction and transfer "is in the interests of justice"); *Hairston*, 99 Fed. Cl. at 698 (discussing merits of prisoner medical care claim and declining to transfer the complaint to district court). To succeed on a claim of inadequate medical care in prison brought under the Eighth Amendment and 42 U.S.C. § 1983, a plaintiff must show that the prison displayed "deliberate indifference to serious medical needs." *Id.* (citations omitted). The first element, "'deliberate indifference,' describes the state of mind required of the prison officials involved and must rise to a level beyond 'inadvertent failure to provide adequate medical care' or mere negligence in treating or diagnosing a medical condition." *Id.* at 699. The second element, "'serious medical needs,' is typically satisfied when the plaintiff has a condition 'that has been diagnosed by a physician as requiring treatment or ... that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Id.*

Mr. De La Cruz Jimenez describes the alleged lack of medical care and mistreatment that occurred from approximately February 2017 to June or August 2017. Dkt. No. 1 at 30-38.

However, his medical records suggest that he was properly treated and continued to receive care by prison medical staff over the course of several months related to various medical issues.  Dkt. No. 1-2 at 64-98.  Only later did medical staff discover the brain mass that appears to have been the underlying cause of his medical issues.  *Id.* at 102-123.  Once identified, surgery was performed and there was sufficient follow-up care, including additional surgery.  *Id.* at 121-149. As such, it does not appear that Mr. De La Cruz Jimenez can show the "wanton state of mind" necessary for the first element of his claim when he received medical care that does not appear to be negligent, let alone "deliberate indifference."  *Hairston*, 99 Fed. Cl. at 699.  And discovery of the brain mass seems to undercut any suggestion that his medical need was "so obvious that a lay person would easily recognize the necessity for a doctor's attention."  *Id.*

Accordingly, the Court should dismiss Mr. De La Cruz Jimenez's complaint for lack of jurisdiction and failure to state a claim for relief.  And it does not appear that transfer of the prison medical care claim would be in the interests of justice given the high standard that Mr. De La Cruz Jimenez must establish.  The Government will defer to the Court's determination.

Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

TARA K. HOGAN
Assistant Director

SEAN L. KING
Trial Attorney
Commercial Litigation Branch

4

Department of Justice
PO Box 480, Ben Franklin Station
Washington, DC 20044
TEL.: (202) 353-9369
FAX: (202) 305-1571
E-mail: sean.king@usdoj.gov

January 13, 2020                              Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 13th day of January, 2020, I

caused to be placed in the United States mail (first-class, postage prepaid), a copy of the

foregoing "DEFENDANT'S MOTION TO DISMISS" addressed as follows:

RAFAEL DANIEL DE LA CRUZ JIMENEZ
56269-004
F.C.I. Oakdale I
P.O. Box 5000
Oakdale, LA 71463

Sean C. King