In The United States Court of Federal Claims

Rafael Daniel De La Cruz Jimenez, )
                    Petitioner, )
                              )
                              )
                              )
                              )
and                           )        Case No.: 1:19-cv-01761-VJW
                              )        Senior Judge Victor J. Wolski
                              )
                              )
                              )
UNITED STATES OF AMERICA, et al, )
                    Respondents, )
                              )
_____)

## PETITIONER NOTICE OF MOTION FOR FINAL SUMMARY OF JUDGMENT

Petitioner hereby serves Notice of Motion for Final Summary Judgment to Respondents to Petitioner Bill In Equity. UNITED STATES OF AMERICA, et al, at Respondents will allowed 5 days to file an objection to this Motion in the above styled Court or waive all objection.

_____ (SEAL)    Date February 20, 2020
Rafael Daniel De La Cruz Jimenez, Petitioner

1

RECEIVED - USCFC
FEB 2 4 2020

In The United States Court of Federal Claims

Rafael Daniel De La Cruz Jimenez,
                    Petitioner,              )
                                             )
                                             )
                                             )
                                             )
and                                          )     Case No.: 1:19-cv-01761-VJW
                                             )     Senior Judge Victor J. Wolski
                                             )
                                             )
UNITED STATES OF AMERICA, et al,             )
                    Respondents,             )
_____           )

Petitioner respectfully requests that this Court show lieniency
as to procedure, in accord with **Haines v. kerner**, 404 US 519,
for Petitioner is not an attorney in law.

<u>PETITIONER'S ORIGINAL MOTION FOR FINAL SUMMARY JUDGMENT</u>

Petitioner respectfully requests that this Court issue a decree granting Final Summary Judgment in favor of Petitioner in the above indentified Suit In Equity for the lawful causes as are more fully explained herein.

I.  The following facts conclusively prove that the Parties have agreed with all factual allegations contained within Petitioner's Bill In Equity, hereinafter Complaint, and there is no genuine dispute of any material facts, by the informed consent, stipulation and agreement of the Parties, as is established in the verified record of this Court.

MEMORANDUM OF FACTS AND LAWS - SECTION I
AGREEMENT OF THE PARTIES

1. The Parties have agreed that Petitioner's Complaint required a responsive answer, including verified factual evidence to be filed in the

1

verified record of this Court for any allegations(s) that were controverted by Respondents. See Exhibit 1, Complaint, pages 24-29, Items 99-131; Exhibit "A", page 9, Items 3, 4; Exhibit "B", page 10, Item 3, 4; Exhibit "C", page 1; Exhibit "D", page 1; Exhibit "E", page 2, Item 10, 12; Exhibit "F", page 2, para. 6; TIME IS OF THE ESESNCE; Exhibit "G", page 2, paras 5, 7; Exhibit "H", page 2, paras. 5, 7. Attached hereto and incorporated herein as if fully restated.

2. The Parties have agreed, as is established in the verified record of this Court that Respondent(s) failed in their duty to provide the required Responsive Answer to Petitioner's Complaint, and instead filed a Motion to Dismiss for RCFC 12(b)(1), Lack of Subject Matter Jurisdiction, and RCFC 12(b)(6), Failure to State a Claim upon which Relief can be Granted. See Exhibit 2, Respondent's Motion to Dismiss, pages 1-5, attached hereto and incorporated herein as if fully restated.

3. As a result of Respondent's failure to provide Petitioner with the Required Responsive Answer, the Parties have agreed that all factual allegations contained in Petitioner's Complaint are in fact true, as is established in the verified record of this Court. See Exhibit 2, Respondent's Motion to Dismiss, page 1, para. 2, Lines 6-8; See Exhibit 1, Complaint, pages 24-30, Items 97-133-1-9; Exhibit "A", page 9, Items 3, 4; Exhibit "B", page 10, Items 3, 4; Exhibit "C", page 1; Exhibit "D", page 1; Exhibit "E", page 2, Items 10, 12; Exhibit "F", page 2, para. 6, TIME IS OF THE ESSENCE; Exhibit "G", page 2, paras. 5, 7; Exhibit "H", page 2, paras. 5, 7, attached hereto and incorporated herein as if fully restated, as is established in the verified record of this Court.

2

4. The Parties have agreed that pursuant to RCFC 8(B)(6), which states in part, "An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied. See RCFC 8(B)(6).

5. The Parties agree that Respondents failed to deny any factual allegations in Petitioner's Complaint, as is established in the verified record of this Court. See Exhibit 2, Respondent's Motion to Dismiss, pages 1-5, attached hereto and incorporated herein as if fully restated, as is established in the verified record of this Court.

6. The Parties agree that, in accord with Respondent's Motion to Dismiss, which states, "the Court must accept as true all undisputed facts asserted in Plaintiff's [Petitioner's] Complaint and draw all reasonable inferences in favor of Plaintiff". See Exhibit 2, Respondent's Motion to Dismiss, page 1, para. 2, lines 6-8, attached hereto and incorporated herein as if fully restated, as is established in the verified record of this Court.

7. Pursuant to the facts as stated at Memorandum of Facts and law, Section I, Items 1-6, Supra. No genuine dispute of any material facts exist and Petitioner has a right to Final Summary Judgment, as a matter of fact and law, as is established in the verified record of this Court. See Exhbit 2, Respondent's Motion to Dismiss, page 1, para. 2, lines 6-8, attached hereto and incorporated herein as if fully restated.

MEMORANDUM OF FACTS AND LAW - SECTION II - SUBJECT MATTER JURISDICTION

The following facts will conclusively prove that this Court, does in fact, have Subject Matter Jurisdiction to hear and determine Petitioner's Complaint for Specific Performance due to Respondent's Breach of Contract:

1.  The Parties have agreed that pursuant to the UNITED STATES CONSTITUTION, ARTICLE III, Section 2, Clause 1, which states in part: "The Judicial Power shall extend to all cases in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under this Authority... - to controversies to which the United States shall be a Party..." See Complaint, pages 12-21, Items 61-90-A-F.

2.  The Parties have agreed that the UNITED STATES OF AMERICA, United States of America, and the UNITED STATES, United States are named Respondent Parties in Petitioner's complaint and in the valid and enforceable Contract between the Parties, as is established in the verified record of this Court. See Complaint, page 1, page 4, Item 2, page 13, Items 70-74; Exhibit "A", page 1; Exhibit "B", page 2; Exhibit "E", page 1.

3.  The Parties agree that it is not in the interest of justice for this Court to transfer this case to a State Court.  The statutes as evidenced at U.S.C. Title 28 §1491 clearly state that: "The United States Court Of Federal Claims shall have jurisdiction to render judgment on any claim founded upon the Constitution, or any Acts Of Congress or regulation of an executive department, or upon any Express or Implied Contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort.", as is established in the verified record or this Court. See Complaint, pages 11-20, Items 57-88-A-J; Exhibit 2, Respondent's Motion

to Dismiss, page 1, para. 2.

4.  The Parties agree that this Suit cannot be transferred to a State Court venue because:

A.  The UNITED STATES OF AMERICA, is the only remaining named Respondent Party in Petitioner's Suit and the State Court would not have Subject Matter Jurisdiction to hear the suit; See Complaint, page 1, See Notice of the Court of NON-ECF CASE, page 1, Footnote 2, attached hereto and incorporated herein as if fully restated.

B.  This suit is brought for Specific Performance due to Respondent's Breach Of Contract. See Exhibit 1, Complaint, page 1.

C.  This Suit involves Respondent's violation of a regulation of the UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS which is Federal Executive Department.  The regulation is authorized by Act Of Congress. See Complaint, pages 12, 13, Items 60-68, Exhibit "A" pages 7-9, Items 20-42; Exhibit "B", pages 8, 9, Items 29-41; Exhibits K, L, attached hereto and incorporated herein as if fully restated, as is established in the verified record of this Court.

D.  This suit involves an Implied Consent Contract established by the informed consent, stipulation and agreement of the Parties, as is established by the verified record of this Court.  See Complaint, pages 24-30, Items 97-133-1-9; Exhibit "A", pages 9-11, Items 2, 3, 4, 5, 6, 8, TIME IS OF THE ESSENCE; Exhibit "B" pages 10-12, Items 2, 3, 4, 5, 6, 8, TIME IS OF THE ESSENCE; Exhibit "C", page 1; Exhibit "D", page 1.

5. The Parties have agreed that the Petitioner has Constitutional Standing to bring this Suit because:

A. Petitioner was in fact irreprably injured;

B. Petitioner's injury was caused by direct and proximate Acts and/or Omissions of Respondent Parties, and;

C. The relief requested will remedy Petitioner's injury as much as is possible, and;

D. Petitioner has sufficient personal stake in the outcome of this Suit. See Exhibit 1, Complaint, pages 15-19, Items 83-86-1-8.

6. The Parties have agreed that, the Parties have Capacity to sue and be sued because:

A. The Parties are legal age of majority;

B. The Parties are of sound mind;

C. Parties are competent to testify if called upon;

D. The Parties are not under threat, duress or coercion;

E. The Respondent Parties were properly served Summons and Complaint;

F. The Respondent Parties have been given Fair Notice of the Claims against them and opportunity to defend. See Exhibit 1, Complaint, pages 15-18, Items 84-A-S, as is established in the verified record of this Court, attached hereto and incorporated herein as if fully restated.

7. Pursuant to Memorandum of Facts and Law, Section II, Legal Issues, at Items 1-4, Supra., this Court, does in fact have, Subject Matter Jurisdiction to hear and determine this Suit for Specific Performance due to Breach of Contract, as has been agreed by the Parties, and as is established in the verified record of this Court. See Exhibit 1, Complaint, pages 11-20, Items 57-88-A-J.

MEMORANDUM OF FACT AND LAW - SECTION III
PETITIONER'S STATEMENT OF CLAIM UPON WHICH RELIEF CAN BE GRANTED

The following facts will conclusively prove that the Petitioner, has in fact, clearly stated a claim upon which relief can be granted:

1. The Parties agreed that a pre-existing legal relationship existed between the Petitioner a an inmate of the UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS, hereinafter "USFBOP", housed at OAKDALE FCI #1, and officers, agents and employees, representatives, contractors, and the like, hereinafter "Employees", who are/were working at OAKDALE FCI #1, as is established by the verified record of this Court. See Complaint, pages 1-10; and pages 24-38, Items 97-179; Exhibit "A", pages 4-9, Items 1-44; Exhibit "B", pages 5-10, Items 1-44.

2. The pre-existing legal relationship between inmate and employees at OAKDALE FCI #1, created certain lawful rights and duties between the Parties. See Exhibit 1, Complaint, pages 1-10, and pages 24-38, Items 97-179; Exhibit "A", pages 4-9, Items 1-44; Exhibit "B", pages 5-10, Items 1-44; Exhibit "K", USFBOP, Program Statement 6013.01; Exhibit "L", Program Statement 3420.11, as is established in the verified record of this Court. Attached hereto and incorporated herein as if fully restated.

3. The Parties have agreed that Petitioner has the lawful right to timely and medically acceptable healthcare and Respondents have a lawful duty to provide said healthcare as is established buy USFBOP Policy as evidenced at USFBOP Program Statements 6013.01 and 3420.11, as is established in the verified record of this Court. See Exhibit "K" and "L", attached hereto and incorporated herein as if fully restated.

7

4. The Parties have agreed that Respondent Parties denied Petitioner the right to timely and medically acceptable healthcare as is required by USFBOP Policy, and as is established in the verified record of this Court. See Exhibit 1, Complaint, pages 24-38, Items 97-179; Exhibit "A", pages 4-9, Items 1-44; Exhibit "B", pages 5-10, Items 1-44; Exhibits "K", "L", attached hereto and incorporated herein as if fully restated.

5. In Law, rights are considered as property of the Party who exercises and defends those rights.

6. The legal effect of Respondents denying Petitioner the right to timely and medically acceptable healthcare, and Petitioners loss of that right caused Petitioner detriment without his consent, and this detriment constitutes Petitioner element of consideration for the purpose of the Contract. See Black's Law Dictionary, 9th Edition, Consideration, page 347, Footnote 1. See Exhibit 1, Complaint, pages 24-38, Items 97-179; Exhibit "A", pages 4-9, Items 1-44; Exhibit "B", pages 5-10, Items 1-44; Exhibit "C", page 1; Exhibit "D", page 1., as is established in the verified record of this Court. Attached hereto and incorporated herein as if fully restated.

7. The Parties have agreed that the direct and proximate Acts and/or Omissions of Respondent Parties, by denying Petitioner timely and medically acceptable healthcare, constitutes irreparable injury to Petitioner and gave rise to Petitioner's right to Contract with Respondent Parties for remedy and relief, as is established in the verified record of this Court. See Exhibit 1, Complaint, pages 24-38, Items 97-179; Exhibit "A", page 8, Items 35-41; Exhibit "B", page 9, Items 35-41; Exhibit "C", page 1; Exhibit "D". page page 1.

8

8.   The Parties have agreed that Petitioner served the following offers to Contract (Notices) on Respondent Parties, by U.S.P.S. Prepaid Certified Mail with Return Receipt requested, or by hand delivery at their work places. Petitioner's notices gave Respondent Parties, full disclosure of Petitioner's intent to Contract and all terms and conditions regarding said Contract.

NOTICES SERVED:

A.   NOTICE - PRIVATE INTERNATIONAL REMEDY DEMAND, See Exhibit "A" attached hereto and incorporated herein as if fully restated.

B.   NOTICE OF FAULT - OPPORTUNITY TO CURE, See Exhibit "B", attached hereto and incorporated herein as if fully restated.

C.   NOTICE OF DEFAULT - CONSENT TO DECREE, See Exhibit "C", attached hereto and incorporated herein as if fully restated.

D.   NOTICE - DEMAND FOR SPECIFIC PERFORMANCE, See Exhibit "D", attached hereto and incorporated herein as if fully restated.

E.   NOTICE - PRIVATE INTERNATIONAL REMEDY DEMAND - served by USFBOP ADMINISTRATIVE REMEDY, BP-8. See Exhibit "E", attached hereto and incorporated herein as if fully restated.

F.   NOTICE OF FAULT - OPPORTUNITY TO CURE - served by USFBOP ADMINISTRATIVE REMEDY, BP-9. See Exhibit "F", attached hereto and incorporated herein as if fully restated.

G.   NOTICE OF DEFAULT - CONSENT TO DECREE - served by USFBOP ADMINISTRATIVE REMEDY, BP-10. See Exhibit "G", attached hereto and incorporated herein as if fully restated.

H.   NOTICE - DEMAND FOR SPECIFIC PERFORMANCE - served by USFBOP

ADMINISTRATIVE REMEDY, BP-11. See Exhibit "H", attached hereto and incorporated herein as if fully restated.

9.   The Parties have agreed that Respondent Parties were served the offer to Contract (Notices) at their workplaces, as is established in the verified record of this Court.  See Complaint, pages 24-30, Items 97-133-1-9; Exhibit "A", pages 13, 14; Exhibit "B", pages 14, 15; Exhibit "C", pages 4, 5; Exhibit "D", pages 4, 5; Exhibit "E", page 3; Exhibit "F", page 3; Exhibit "G", page 3; Exhibit "H", page 3.

10.   The Parties have agreed that the Respondent Parties, did in fact, accept Petitioner's offer to Contract (Notices) at their workplaces, as is established in the verified record of this Court.  See cites at Item 9, supra.

11.   Petitioner's offer to contract (Notices) required Respondents to provide a responsive answer, including proof for any contrary assertions to any charges/claims alleged in Petitioner's offers to Contract (Notices), as is established in the verified record of this Court, See Complaint, pages 24-29, Items 99-131; Exhibit "A", page 9, Items 3, 4; Exhibit "B", page 10, Items 3, 4; Exhibit "C", page 1; Exhibit "D", page 1; Exhibit "E", page 2, Item 10, 12; Exhibit "F", page 2, para. 6, TIME IS OF THE ESSENCE; Exhibit "G", page 2, para. 5, 7; Exhibit "H", page 2, para. 5, 7. Attached hereto and incorporated herein as if fully restated.

12.   Petitioner's offer to contract (Notices) clearly gave Respondent Parties fair notice of the claims against them and multiple opportunities to defend against Petitioner's claims.  See Complaint, pages 24-30, Items 97-133-1-9; Exhibit "A"; Exhibit "B"; Exhibit "C"; Exhibit "D"; Exhibit "E";

Exhibit "F"; Exhibit "G"; Exhibit "H"; attached hereto and incorporated herein as if fully restated, as is established in the verified record of this Court.

13. The Parties have agreed that, Petitioner's offers to Contract (Notices) clearly gave Respondents full disclosure of all terms and conditions regarding the Contract, as is established in the verified record of this Court. Same cites as Item 12, supra.

14. The Parties have agreed that, Petitioner's offers to Contract (Notices) clearly gave Respondent Parties lawful notice of the duties and obligations that would arise by their fault and/or default, as established in the verified record of this Court. See Complaint, pages 25, 26, Items 105-112; Exhibit "A", page 11, Item 8, TIME IS OF THE ESSENCE; Exhibit "B", page 12, Items 8, TIME IS OF THE ESSENCE; Exhibit "C", page 1; Exhibit "D", page 1; Exhibit "E", page 2, Items 6, 7, 8, 9, 10, 12; Exhibit "F", page 2, para. 2, 3, 4, 5, 6, 7; Exhibit "G", page 2, para. 2, 3, 4, 5, 7; Exhibit "H", page 2, para. 2, 3, 4, 5, 7, attached hereto and incorporated herein as if fully restated.

15. Petitioner's notices clearly informed Respondents that failure to provide Petitioner with a required responsive answer in defense of the claims/charges would result in fault and default and a valid and enforceable Contract by the informed consent, stipulation and agreement of the Parties, as is established in the verified record of this Court. See cites at Item 14, supra.

16. The Parties have agreed that, Respondent Parties voluntarily failed in their duty to provide Petitioner with a timely responsive answer

11

as required, as is established in the verified record of this Court.   See cites at Item 3, supra.

17.  The Parties have agreed that, Respondent's voluntary Acts and/or Omissions in failing to provide a required responsive answer, or in the alternative specifically perform in accord with the terms  and conditions contained within the valid and enforceable Contract, constitutes Respondent Parties  mutual assent to Contract with Petitioner, as is established in the verified record of this Court.   See cites at Item 3, supra.

18.  The Parties have agreed that a valid and enforceable Contract exists by the informed consent, stipulation and agreement of the Parties, as is established by the verified record of this Court.   See Complaint, page 17, Item 84-L, 25-30, Items 100-133-1-9; Exhibit "A", page 11, Items 8, TIME IS OF THE ESSENCE; Exhibit "B", page 12, Item 8, TIME IS OF THE ESSENCE; Exhibit "C", page 1; Exhibit "D", page 1; Exhibit "E", page 2, Items 6, 7, 8, 9, 10, 12; Exhibit "F", page 2, paras. 2, 3, 4, 5, 6, 7; Exhibit "G", page 2, paras. 2, 3, 4, 5, 7; Exhibit "H", page 2, paras. 2, 3, 4, 5, 7.  Attached hereto and incorporated herein as if fully restated.

19.  The Parties have agreed that the Petitioner has Constitutional standing to bring this Suit because:

A.  Petitioner was/is irreparably injured, and;

B.  Petitioner's injury was the direct and proximate result of Acts and /or Omissions of Respondent Parties, and;

C.  The relief requested will likely remedy the injury as much as is possible, and;

D.  Petitioner has sufficient personal stake in the outcome of

this Suit. See Exhibit 1, Complaint, pages 15-19, Items 83-86-1-8.

20. The Parties have agreed that the Parties have Capacity to sue and be sued because:

A. The Parties are legal age of majority;

B. The Parties are of sound mind;

C. Parties are competent to tstify if called upon;

D. The Parties are not under threat, duress or coercion;

E. The Respondent Parties were properly served Summons and Complaint;

F. The Respondent Parties have been given Fair Notice of the Claims against them and opportunity to defend. See Exhibit 1, Complaint, pages 15-18, Items 84-A-S, as is established in the verified record of this Court, attached hereto and incorporated herein as if fully restated.

21. The Parties have agreed that Petitioner was irreparably injured by the direct proximate Acts and/or Omissions of Respondent Parties. See cites at Item 7, Supra.

22. The Parties have agreed that Petitioner has a right to the relief demanded and the Respondent Party(s) have a duty to Specifically Perform in accord with the terms and conditions contained within the valid and enforceable Contract between the Parties, as is established in the verified record of this Court. See Exhibit 1, Complaint, page 27, Items 115-118, attached hereto and incorporated herein as if fully restated.

23. The Parties have agreed the Respondent breached the valid and enforceable Contract between the Parties, as is established in the verified record of this Court. See Exhibit 1, Complaint, pages 11, 12, Items 59-A-F, pages 25, 26, Items 102-112, pages 28, 29, Items 120-131; Exhibit "A", page 11, TIME IS OF THE ESSENCE; Exhibit "B", page 12, TIME IS OF THE ESSENCE; Exhibit "C", page 1; Exhibit "D", page 1; Exhibit "E", page 1, para. 1, page 2, Items 6, 7, 8, 12; Exhibit "F", page 1, para. 1, page 2,

paras. 2, 3, 4, 5, 7; Exhibit "G", page 1, para. 2, page 2, paras. 2, 3, 5, 6; Exhibit "H", page 1, para. 2, page 2, paras. 2, 3, 4, 5, 7.

24.  The Parties have agreed that the Petitioner's claims are supported by the UNITED STATES' Constitution and Statutes, as is established in the verified record of this Court.  See Complaint, pages 11-46; Exhibits "A" - "H", attached hereto and incorporated herein as if fully restated.

25.  The Parties have agreed that there is no dispute regarding the sufficiency of the documents that are in the verified record of this Court. Respondents answer raised no issues regarding the sufficiency of Petitioner's Exhibits - See Respondent's Motion To Dismiss, Exhibit 2, attached hereto and incorporated herein as if fully restated.  See Items 3-6, supra.

26.  The Parties have agreed that there are no disputes regarding the interpretation of the Contract between the Parties, as is established in the verified record of this Court.  see cites at items 18, supra.

27.  The Parties have agreed that there is no dispute regarding any statute of limitations as established in the verified record of this Court as Respondent's Motion To Dismiss failed to raise any issue regarding any statute or limitations.  See Complaint and Respondent's Motion To Dismiss, attached hereto and incorporated herein as if fully restated.

28.  The Parties have agreed that the Respondent(s) have no Qualified Immunity protecting them from Petitioner's lawsuit. Respondent(s) have waived their Sovereign Immunity to be sued as is established in the verified record of this Court.  See Complaint pages 15-17, Items 83-84-A-N; See Exhibits "A" - "H". Attached hereto and incorporated herein as if fully

14

restated.

29. The Parties have agreed that, pursuant to the UNITED STATES CONSTITUTION, Article 1, Section 10, Clause 1, which states in part: "No State shall...pass any Bill of Attainder, ex post facto Law, or law impairing the obligation of Contract...", as is established in the verified record of this Court. See Exhibit 1, Complaint, page 11, Items 57-59-A-F. Attached hereto and incorporated herein as if fully restated.

30. There is no Article in the UNITED STATES CONSTITUTION, no Act of Congress, no  Statute, Public law, or Public Policy that prohibits this Court form issuing a decree in favor of Petitioner, ordering Respondent(s) to specifically perform in accord with the valid and enforceable Contract established by the informed consent, stipulation and agreement of the Parties, as is established by the verified record of this Court. See Exhibit 1, Complaint, pages 24-30, Items 97-133-1-9; Exhibit "A" - "H" attached hereto and incorporated herein as if fully restated.

31. The Parties have agreed that Respondents have failed to plead any valid claims or defenses against Petitioner's Complaint. Petitioner has clearly established the right to Final Summary Judgment by the Facts and Law stated at Memorandum of Facts and Law - Section I, II, III, herein, Supra.

32. The Parties have agreed that Petitioner was/is irreparable injured by the direct and proximate Act and/or Omissions of the Respondent Parties while they were performing their official duties and under Color of Office, as is established in the verified record of this Court. See cites at Item 7, Supra.

33. The Parties have agreed that the UNITED STATES OF AMERICA is the

Respondeat Superior for the USFBOP officers, agents, employees, representatives, Contractors, or the like, herein after USFBOP employees, and is liable for any injury(s) that said employees cause when acting beyond the scope of their duties, and acting in their official capacity(s) and under color of office, as is established in the verified record of this Court. See Exhibit 1, Complaint, pages 4-11, Items 1-56B, pages 18, 19, Items 85-86-C; Exhibits "A" - "H", attached hereto and incorporated herin as if fully restated.

34. The Parties have agreed that Respondents as USFBOP employees did in fact commit acts of Deliberate Indifference and Gross Negligence that caused Peittioner inrreparable injury(s), as is established in the verified record of this Court. See Exhibit 1, Compalint, pages 30-37, Items 134-176, pages 39-40, Items 186-190; Exhibit "A", pages 4-9, Items 1-44;Exhibit "B", pages 5-10, Items 1-44.

35. The Parties have agreed that Respondents as USFBOP employees, do in fact, have the authority to obligate the UNITED STATES OF AMERICA to a Contract by their Unlawful Acts and/or Omissions that caused Petitioner irreparable injury(s), as is established in the verified record of this Court. See cites at Items 34, Supra.

36. The parties have agreed that Petitioner was assisted and/or carried to OAKDALE MEDICAL UNIT several times and refused timely and medically acceptable healthcare, as is established in the verified record of this Court. See Exhibit 1, Complaint, pages 30-37, Items 134-176, pages 39-40, Items 186-190; Exhibit "A", pages 4-9, Items 1-44; Exhibit "B", pages 5-10, Items 1-44; Exhibit "N", Inmates Affidavits, attached hereto and incorporated

16

herein as if fully restated.

37. The Parties have agreed that about 18 inmates at OAKDALE FCI could easily determine that Petitioner had a very serious and likely life threatening and condition and carried Petitioner to OAKDALE medical unit many times, where he was refused care and threatened not to return, as is established in the verified record of this Court. See cites at Item 36, Supra.

38. The 20+ times Petitioner was refused care is obvously not reflected in the medical records because the medical staff only makes a record when they actually treat a patient, as is established in the verified record of this Court. See cites at Item 36, Supra.

39. The medical staff at OAKDALE FCI could have easily seen Petitioner had a very serouis medical condition that required immediate attention, as is established in the verified record of this Court. See cites a t Item 36, Supra.

40. The Parties have agreed that Respondent Parties intentionally failed in their duty to provide Petitioner timely and medically acceptable healthcare. The malicious actions of Respondent Parties clearly established a Willful and Wanton State of Mind of Respondent Parties regarding the providing of healthcare to Petitioner, as is established in the verified record of this Court. See cites at Item 36, Supra.

41. Pursuant to the Memorandum of Facts and Law at Section I, II and III, Supra., Petitioner has clearly stated a Claim upon which Relief can be Granted, as established in the verified record of this Court.

42. Pursuant to the Memorandum of Facts and law at Section I, II, and

III, Supra., Petitioner has clearly demonstrated there is no dispute of any material facts in Petitioner's Complaint or exhibits and Petitioner facts, allegations, claims and charges are fully supported by Law, as is established in the verified record of this Court.

43. The Parties have agreed that the Consent of the Parties binds the Parties. See Exhibit 1, Complaint, page 41, Item 2.

44. The Parties have agreed that the Consent of the Parties is the Law. See Exhibit 1, Complaint, page 41, Item 1.

45. The Parties have agreed that the Consent of the Parties binds the Court. See Exhibit 1, Complaint, page 41, Item 3.

## RELIEF REQUESTED

Petitioner hereby respectfully requests that this Court issue a decree for Final Summary Judgment in favor of Petitioner and order Respondent Party the UNITED STATES OF AMERICA to Specifically Perform and provide Petitioner the following relief in accord with the terms and conditions of the valid enforceable Contract that is established by the informed consent, stipulation and agreement of the Parties, including:

1. Pay Petitioner $52,000,000.00 Fifty Two Million US Dollars as Liquidated Damages for irreparable injuries caused Petitioner as a direct and proximate result of the Acts and/or Omissions of Respondents as agreed by the informed consent, stipulation and agreement of the Parties, and,

2. F.B.O.P. will correct the medical procedure at OAKDALE FEDERAL CORRECTIONAL INSTITUTION, as soon as is practicable.

3. Pay all Court costs, fees and expenses, bonds, and other costs as required for settlement of this Suit.

IN SUMMARY

The Parties have agreed to the following Facts and Law as is established by the verified record of this Court:

1.   There is no dispute of any material facts as is established on the verified record of this Court;  See Item Memorandum Of Facts and Law, hereinafter, "Memorandum", Section I, Items 1-7, Supra.

2.   This Court, does in fact, have Subject Matter Jurisdiction to hear this Suit regarding Specific Performance and Breach of Contract.  See Memorandum, Section II, Items 1-5, Supra.

3.   Petitioner has clearly Stated a Claim upon which Relief can be Granted.  See Memorandum, Section III, Items 1-45, Supra.

4.   There is no dispute over the suffiency of Petitioner's supporting documents. See Memorandum, Section III, Item 42, Supra.

5.   All Respondent Parties are/were USFBOP officers, agents, employees, representatives, contractors, or the like, and were acting in the official Capacities and under Color of Office when their direct and proximate Acts and/or Omissions caused Petitioner irreparable injury(s).  See Memorandum, Section III, Items 1-24, Supra.

6.   A pre-existing relationship exists betwen the Parties. See Memorandum, Section III, Items 1, 2, Supra.

7.   There is no dispute between the Parties of the fact that the UNITED STATES OF AMERICA is Respondeat Superior and is liable for the unlawful Acts and/or Omissions of all Respondent Parties who are officers, agents, employees, represntatives, contractors and the like who are acting in their Official Capacities and under Color of Office. See Memorandum Section III,

19

Items 33.

8.   The Respondent Parties were given fair notice of the claims against them.  See Memorandum, Section III, Items 1-45, Supra.

9.   Respondents were properly served Petitioner's Offer to Contract and received full disclosure of the claims against them and their duties and obligations regarding those claims.  See Memorandum, Section III, Items 1-45, Supra.

10.   Respondents accepted Petitioner's Offer to Contract at their workplaces.  See Memorandum, Section III, Items 1-45, Supra.

11.   Respondents had a lawful duty to provide Petitioner with a required responsive answer in defense of Petitioner's Offer to  Contract. See Memorandum, Section III, Items 1-45, Supra.

12.   Respondents failed in their lawful duty to provide Petitioner with the required responsive answer in defense of Petitioner's Claims. See Memorandum, Section III, Items 1-45, Supra.

13.   Respondent's voluntary failure to answer or otherwise defend against Petitioner's Offer to Contract, constitutes Respondent's mutual assent to the terms and conditions of the Contract.  See Memorandum, Section III, Item 17.

14.   Petitioner has a right to timely and medically acceptable health care.  See Memorandum, Section III, Item 3.

15.   Respondents denied Petitioner the right to timely and medically acceptable health care.  See Memorandum, Section III, Item 4.

16.   Respondent's denial of Petitioner's right to timely and medically acceptable health care caused Petitioner irreparable injury.  See Memorandum

20

Section III, Item 7, Supra.

17.  The direct and proximate Acts and/or Omissions of Respondents in denying Petitioner's right to timely and medically acceptable health care constitutes Deliberate Indifference and Gross Negligence.  See Memorandum, Section III, Item 34, Supra.

18.  The detriment caused to Petitioner by Respondent's Acts and/or Omissions in denying Petitioner's right to timely and medically acceptable health care, constitutes Petitioner's consideration regarding the valid and enforceable Contract between the Parties.  See Memorandum, Section III, Item 6, Supra.

19.  Petitioner has fulfilled all conditions precedent, as required by Operation of Law, to establish a lawful, valid and enforceable Contract between the Parties.  See Memorandum, Section III, Items 1-42, Supra.

20.  There is no dispute between the Parties of the fact that the UNITED STATES OF AMERICA is the only remaining Respondent Party to this Suit.  See Memorandum, Section II, ITems 4-A.

21.  There is no dispute regarding the interpretation of the Contract. See Memorandum, Section III, Item 26, Supra.

22.  Petitioner's claims are supported by the Constitution and Statutes.  See Memorandum, Section III, Item 24, Supra.

23.  There is no dispute of a statute of limitations.  See Memorandum, Section III, Item 27, Supra.

24.  There is no dispute regarding Qualified Immunity.  See Memorandum, Section III, Item 28, Supra.

25.  No state shall pass any law impairing the obligation of Contract.

21

See Memorandum, Section III, Item 29, Supra.

26. Theres is no Act of Congress, Public Law, or Public Policy that prohibits this Court from granting Petitioner relief. See Memorandum, Section III, Item 30, Supra.

27. Respondent Parties, did in fact, have the lawful authority to bind the UNITED STATES OF AMERICA to a Contract, by their lawful actions. See Memorandum, Section III, Items 33-35, Supra.

28. Respondents could clearly determine that Petitioner had a very serious medical condition that needed immediate attention. See Memorandum, Section III, Items 36, 39, Supra.

29. Consent of the Parties binds the Parties. See Memorandum, Section III, Item 43, Supra.

30. Consent of the Parties is the Law. See Memorandum, Section III, Item 44, Supra.

31. Consent of the Parties binds the Court. See Memorandum, Section III, Item 45, Supra.

VERIFICATION

STATE OF LOUISIANA        )

                           )     ss

ALLEN PARISH            )

1) This MOTION FOR FINAL SUMMARY JUDGMENT is not being presented for any improper purpose(s).

2) The claim and defenses in this MOTION FOR FINAL SUMMARY JUDGMENT are warranted by existing laws.

3) The Factual Allegations herein have evidentiary support.

4) Denial of Factual Allegation(s) shall be warranted only upon presentment documented proof(s) and verified responsive answer required under solemn oath to the contrary.

5) I, Rafael Daniel De La Cruz Jimenez, Petitioner, make solemn affirmation that the charges/allegations make in the foregoing MOTION FOR FINAL SUMMARY JUDGMENT are true, correct and materially complete as of Petitioner's own first-hand actual knowledge, under Penalty of Perjury.

6) Petitioner is legal age of majority, sound mind, is not under any legal disability(s), and competent to testify if Called Upon. Petitioner made these statements as free act and deed and has not made the statements/allegations ect., under threat, duress, or coercion.

Executed Under Singnature and Seal on  20   day of February , 2020.


_Rafael Daniel De La Cruz Jimenez_ _____ (SEAL)
Rafael Daniel De La Cruz Jimenez, Petitioner

23

CERTIFICATE OF SERVICE

STATES OF LOUISIANA          )
                             )          ss
ALLEN PARISH                 )

I Rafael Daniel De La Cruz Jimenez, Petitioner, do hereby solemnly swear or

affirm under solemn Oath that the Petitioner did file NOTICE OF MOTION and

MOTION FOR FINAL SUMMARY JUDGEMENT and ORDER ON MOTION and EXHIBITS 1, 2

and EXHIBITS A-N for a grant total of __305__ pages served to the CLERK

OF THE COURT/UNITED STATES COURT OF FEDERAL CLAIMS and UNITED STATES OF

AMERICA, et al., at/ Sean L. King at the address below via USPS Prepaid

Certified Mail and Return Receipt on __20__ day of _February_ , 2020.

Petitioner deposited the above identified documents in the mail receptable

at OAKDALE FEDERAL CORRECTIONAL INSTITUTION.

UNITED STATES COURT OF FEDERAL CLAIMS
CLERK OF THE COURT
717 MADISON PLACE
WASHINGTON, DC 20439
Certified Mail # 7019 2280 0000 5874 3237
Return Receipt # 9590 9402 5374 9189 9575 06

UNITED STATES OF AMERICA, et al., at/
UNITED STATES DEPARTMENT OF JUSTICE/Civil Division
Commercial Litigation Branch
Trial Attorney, Sean L. King
P.O. Box 480, Ben Franklin Station
WASHINGTON, DC 20044
Certified Mail # 7019 2280 0000 5874 1608
Return Receipt # 9590 9402 5374 9189 9574 90

Executed Under Signature and Seal __20__ day of _February_ , 2020.

_____ (SEAL)
Rafael Daniel De La Cruz Jimenez, Petitioner

NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT
(Applicable to All Successors and Assigns)

24

In The United States Court of Federal Claims

Rafael Daniel De La Cruz Jimeniez,  )
                     Petitioner,  )
                                )
                                )
and                            )    Case No.: 1:19-cv-01761-VJW
                            )    Senior Judge Victor J. Wolski
                            )
                            )
UNITED STATES OF AMERICA, et al,  )
                  Respondents,  )

## PETITIONER ORDER ON MOTION FOR FINAL SUMMARY JUDGMENT

Petitioner respectfully requests that this Court grant Petitioner's Motion for Final Summary Judgment for the causes demonstrated therein.

GRANTS the Motion _____

DENIES the Motion _____

APPROVED and ENTRY REQUESTED

Date _____ Signed by _____
                                       United States Court of Federal Claims
                                       Senior Judge Victor J. Wolski

1



CERTIFIED MAIL®

7019 2280 0000 5874 3237

⇔56269-004⇔
De la Cruz Rafael Daniel
Federal Correctional Inst
P O Box 5000
Oakdale, LA 71463
United States




U.S. POSTAGE PAID
PM 2-Day
OAKDALE, LA
71463
FEB 21 20
AMOUNT
**$0.00**
R2305H127654-05

1004          20439

⇔56269-004⇔
Of Court Clerks
US Court of Federal Claim
717 Madison Place Nw.,
Washington, DC 20439
United States



RECEIV
FEB 24 20
OFFICE OF THE CL
U.S. COURT OF FEDERA