In The United States Court of Federal Claims

Rafael Daniel De La Cruz Jimenez,          )
                    Petitioner,            )
                                           )
                                           )
                                           )
                                           )
and                                        )        Case No.: 1:19-cv-01761-VJW
                                           )        Senior Judge Victor J. Wolski
                                           )
                                           )
                                           )
UNITED STATES OF AMERICA, et al,           )
                    Respondents,           )
_____)

### NOTICE OF FILING

Dear Clerk,

        Enclosed is Petitioner's Reply to Respondent's Motion to Dismiss for
RCFC 12(b)(1) and RCFC 12(b)(6) that was filed on January 13, 2020, and
Petitioner's Motion for Final Summary Judgment. Respondent's Attorney has
been noticed copies of the enclosed documents. Please file these in the
record of this Court.


        Thank you for your assistance  in this matter.



Executed Under Signaute and Seal on _____20_____ day of ___February___ , 2020.



        _____(SEAL)
        Rafael Daniel De La Cruz Jimenez, Petitioner

RECEIVED - USCFC

FEB 2 4 2020

1

In The United States Court of Federal Claims

Rafael Daniel De La Cruz Jimenez,    )
                         Petitioner,    )
                                   )
                                   )
and                             )    Case No.: 1:19-cv-01761-VJW
                             )    Senior Judge Victor J. Wolski
                             ) (
                             )
UNITED STATES OF AMERICA, et al,    )
                       Respondents,    )
                                   )

PETITIONER NOTICE OF MOTION TO REPLY RESPONDENTS
MOTION TO DISMISS FOR RCFC  12(b)(1), LACK OF SUBJECT MATTER JURISDICTION,
AND RCFC 12(b)(6), FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

      Petitioner hereby serves Notice of Motion to reply Respondents Motion

to Dismiss for RCFC 12(b)(1) and RCFC 12(b)(6) to Petitioner's Bill In

Equity. UNITED STATES OF AMERICA, et al., at Respondents will be allowed

5 days to file an objection to this Motion in the above styled Court or

waive all objection.


_____ (SEAL)    Date February 20, 2020
Rafael Daniel De La Cruz Jimenez, Petitioner

1

In The United States Court of Federal Claims

Rafael Daniel De La Cruz Jimenez,  )
                        Petitioner,  )
                                     )
                                     )
                                     )
and                                  )     Case No.: 1:19-cv-01761-VJW
                                     )     Senior Judge Victor J. Wolski
                                     )  (
                                     )
UNITED STATES OF AMERICA, et al,     )
                        Respondents, )
                                     )
_____)

Petitioner respectfully requests that this Court show lieniency
as to procedure, in accord with **Haines v. Kerner**, 404 US 519,
for Petitioner is not an attorney in law.

PETITIONER REPLY TO RESPONDENTS MOTION TO DISMISS
FOR RCFC 12(b)(1), LACK OF SUBJECT MATTER JURISDICTION, AND
RCFC 12(b)(6), FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Petitioner respectfully requests that this Court Deny Respondents

Motion to Dismiss for RCFC 12 (b)(1) Lack of Subject Matter Jurisdiction for

the following causes:

- SECTION I -

1. The Parties have agreed that Petitioner brings this Suit pursuant to

Federal Question Jurisdiction. The United States Court of Federal Claims,

hereinafter this Court does in fact have Exclusive Subject Matter Jurisdiction

over Petitioner's Suit in accord with the UNITED STATES CONSTITUTION, Article

III, Section 2, Clause 1, which states in part: "The Judicial Power shall

extend to all cases, in Law and Equity, arising under this Constitution,

Laws of the United States, and Treaties made or which shall be made, under

their Authority... - to controversies to which the United States shall be

1

a Party...", as is established in the verified record of this Court. See Exhibit 1, Complaint, pages 11-20, Items 57-88-A-J, attached hereto and incorporated herein as if fully restated.

2. The Parties have agreed that Petitioner brought this Bill in Equity, hereafter Suit, for Specific Performance due to Respondents' Breach of Contract, as is established in the verified record of this Court. See Exhibit 1, Complaint, page 1, See Exhibit "A", pages 10, 11, Items 4-8, TME IS OF THE ESSENCE; Exhibit "B", pages 10-12, Items 1-8, TIME IS OF THE ESSENCE; Exhibit "C", page 1; Exhibit "D", page 1; Exhibit "E", page 1, para. 2, page 2, Items 4-12; Exhibit "F", page 1, para. 1, Page 2, paras. 1-8; Exhibit "G", page 1, paras. 2, 3, page 2, paras. 1-7; Exhibit "H", page 1, paras. 2, 3, page 2, paras. 1-7.

3. The Parties have agreed that, The UNITED STATES OF AMERICA, United States of America, UNITED STATES, United States, et. al., is/are named Parties to this Suit in Equity, as is established in the verified record of this Court. See Exhibit 1, Complaint, page 1; Exhibit "A", page 1; Exhibit "B", page 2; Exhibit "E", page 1. Attached hereto and incorporated herein as if fully restated.

4. The Parties have agreed that, pursuant to the Laws of the United States as evidenced at 28 USC §610, this Court is included in the definition of the United States federal "Courts". See the Laws of the United States as evidenced at 28 USC §610.

5. The Parties agree that the United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress

or any regulation of an executive department, or upon any express or implied Contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. See the laws of the United States as evidenced at 28 USC §1491.

6. The Parties have agreed that this Suit involves an Implied Contract between the Petitioner and the UNITED STATES OF AMERICA, for liquidated damages not sounding in tort, for Specific Performance due to Breach of Contract, as established in the verified record of this Court. See Exhibit 1, Complaint, pages 24-30, Items 97-133-1-9; Exhibit "A", pages 9-11, Items 2, 3, 4, 5, 6, 8, TIME IS OF THE ESSENCE; Exhibit "B", pages 10-12, Items 2, 3, 4, 5, 6, 8, TIME IS OF THE ESSENCE; Exhibit "C", page 1; Exhibit "D", page 1; attached hereto and incorporated herein as if fully restated.

7. The Parties have agreed that Petitioner brought this Suit because of Respondents violation of UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS, hereinafter USFBOP, regulations as stated at USFBOP Program Statements 6013.01 and 3420.11, as is established in the verified record of this Court. See Exhibits K and L, attached hereto and incorporated herein as if fully restated.

8. The Parties agree that it is not in the interest of justice to transfer this Suit to State Court as the UNITED STATES OF AMERICA is the only remaining Respondent Party and the State Courts do not have Subject Matter Jurisdiction to hear this Suit. See Items 1-7, herein, Supra, as is established in the verified record of this Court.

9. The Parties have agreed that Petitioner has Constitutional Standing to bring this Suit because:

3

9(1). Petitioner was in fact irreparably injured,

9(2). Petitioners's injury was caused by direct and proximate Acts and/ or Omissions of Respondent Parties.

9(3). The relief requested will remedy Petitioner's injury as much as is possible. See Exhibit 1, Complaint, page 36, Items 170-177; Exhibit "A", page 8, Items 35-41; Exhibit "B", page 9, Items 35-41; Exhibit "C", page 1; Exhibit "D", page 1, as is established in the verified record of this Court. Attached hereto and incorporated herein as if fully restated.

10. The Parties have agree that, the Parties have the Capacity to sue and be sued because:

10(1). The Parties are legal age of majority;

10(2). The parties are of sound mind;

10(3). The Parties are competent to testify if called upon;

10(4) The Parties are not under any disability;

10(5). The Parties are not under threat, duress or coercion;

10(6). The Respondent Parties were properly served Summons and Complaint;

10(7). The Respondent Parties have been given Fair Notice of the Claims against them and opportunity to defend. See Exhibit 1, Complaint, pages 15-18, Items 84-A-S, as is established in the verified record of this Court, Attached hereto and incorporated herein as if fully restated.

11. The Parties have agreed that, Respondents Facial Attack against Petitioner's Complaint failed to meet the standard of a required responsive answer, therefore the allegations in Petitioner's Complaint are controlling. See United States laws as evidenced at RCFC 8(B)(6), "Effect of Failing to Deny". See Exhibit 2, Respondents Motion to Dismiss, pages 1-5, attached hereto and incorporated herein as if fully restated.

4

12. Pursuant to Respondents Motion to Dismiss, the Parties have agreed that all Factual Allegations contained in Petitioner's Complaint are to be construed as true facts, as is established in the verified record of this Court. See Exhibit 2, Respondents Motion to Dismiss, Pages 1-5; attached hereto and incorporated herein as if fully restated. See RCFC 8(B)(6).

13. The Parties have agreed that pursuant to Respondents Motion to Dismiss, which states "The Court must accept as true all undisputed facts asserted in Plaintiff's Complaint and draw all reasonable inferences in favor of the Plaintiff.", as established in the verified record of this Court. See Exhibit 2, Respondents Motion to Dismiss, page 1, para. 2, line 6-8; attached hereto and incorporated herein as if fully restated. See RCFC 8(B)(6).

14. Pursuant to the Laws of the UNITED STATES, as evidenced at 28 USC §1346(a) "The district courts shall have original jurisdiction, concurrent with the United States Court Of Federal Claims, of: (2) "Any other civil action or claim against the United States, not exceeding $10,000.00 in amount, founded upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied Contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the districts courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or liquidated or unliquidated damages in cases not sounding in tort which are subject 7104(b)1) and 7107(a)(1) of Title 41. See the United States laws as evidenced at 28 USC §1346.

5

15. The Parties agree that pursuant to RCFC 8(B)(6), which state in part: "An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied..."

16. The Parties have agreed that there is no dispute  of any genuine material facts and all allegations in Petitioner's Complaint are admitted as true. See Exhibit 2, Respondents Motion to Dismiss, page 1-5. As is established in the verified record of this Court. Attached hereto and incorporated herein as if fully restated.

17. Petitioner has clearly demonstrated at items 1-16, Supra, that this Court does, in facts and law, have Subject Matter Jurisdiction to hear this Suit for Specific Performance due to Breach of Contract, as established in the verified record of this Court. See Exhibit 1, Complaint, pages 11-20, Items 57-88-A-J. Attached  hereto and incorporated herein as if fully restated.

18. Petitioner respectfully request that Respondents Motion to Dismiss for RCFC 12(b)(1), Lack of Subject Matter Jurisdiction be denied for the good causes as stated in Items 1-17, Supra.

- SECTION II -

Petitioner respectfully requests this Court deny Respondents Motion to Dismiss for RCFC 12(b)(6), Failure to State a Claim upon which relief can be Granted for the following good causes:

1. The Parties have agreed that Respondents were required to provide a responsive answer to  Petitioner's Complaint. See Exhibit 1, Pages 24-29, Items 99-131; Exhibit "A", page 9, Item 3, 4; Exhibit "B", Page 10, Item 3,

4; Exhibit "F", page 2, para. 6, TIME IS OF THE ESSENCE; Exhibit "G", page 2, paras. 5, 7; Exhibit "H", page 2, paras. 5, 7; as is established in the verified record of this Court. Attached hereto and incorporated herein.

2. Respondents failed to provide the required responsive answer to Petitioner's Complaint and chose an avoidance by filing a Motion to Dismiss for RCFC 12(b)(6), Failure to State a Claim upon which Relief can be Granted. As is established in the verified record of this Court. See Exhibit 2, Respondents Motion to Dismiss, pages 1-5; See Section II, Item 1, Supra.

3. As a result of Respondents failure to provide the required responsive answer the Parties have agreed that all Factual Allegations contained in Petitioner's Complaint must be construed as true facts, as is established in the verified record of this Court. See Section I, Items 11, 12, 13, 15, 16, herein, Supra.

4. The Parties agree that the Factual Allegations in the Petitioner's Complaint are controlling, as is established in the verified record of this Court. See Section I, Item 11, 12, 13, 15, 16, herein Supra.

5. The Parties have agreed that there is no dispute raised of any genuine material facts, as is established in the verified record of this Court. See Exhibit 2, Respondents Motion to Dismiss pages 1-5.

6. The Parties agree that no dispute has been raised in the pleadings involving the interpretation of the Constitution or any statute, as established in the verified record of this Court. See Exhibit 1, Petitioner's Complaint and Exhibit 2, Respondents Motion to Dismiss, pages 1-5. Attached hereto and incorporated herein as if fully restated.

7. The Parties agree that no dispute has been raised in the pleadings

7

regarding the legal sufficiency of Petitioner's supporting documents (Exhibits), as is established in the verified record of this Court. See Exhibit 1, Petitioner's Complaint; Exhibit 2, Respondents Motion to Dismiss, attached hereto and incorporated herein as if fully restated.

8. The Parties have agreed that there is no dispute regarding the interpretation of Petitioner's valid and enforceable Contract that was raised in the plaedings. See Exhibit 1, Petitioner's Complaint; Exhibit 2, Respondents Motion to Dismiss, attached hereto and incorporated herein as if fully restated.

9. The Parties agree that there is no dispute regarding a statute of limitations that was raised in the pleadings, as is established in the verified record of this Court. Exhibit 1, Petitioner's Compalint; Exhibit 2, Respondent's Motion to Dismiss, attached hereto and incorporated herein as if fully restated.

10. The Parties agree that no dispute regarding any Respondents Qualified Immunity was raised in the pleading, as is etablished in the verified record of this Court. See Exhibit 1, Petitioner's Complaint; Exhibit 2, Respondent's Motion to Dismiss, attached hereto and incorporated herein as if fully restated.

11. The Parties have agreed that Petitioner served the following offers to Contract (Notices) on Respondent Parties at their workplaces.

11(1). NOTICE - PRIVATE INTERNATIONAL REMEDY DEMAND, See Exhibit "A", Attached hereto and incorporated herein as if fully restated.

11(2). NOTICE OF FAULT - OPPORTUNITY TO CURE, See Exhibit "B", attached hereto and incorporated herein as if fully restated.

8

11(3). NOTICE OF DEFAULT - CONSENT TO DECREE, See Exhibit "C", attached hereto and incorporated herein as if fully restated.

11(4). NOTICE - DEMAND FOR SPECIFIC PERFORMANCE, See Exhibit "D", attached hereto and incorporated herein as if fully restated.

11(5). NOTICE - PRIVATE INTERNATIONAL REMEDY DEMAND, served by UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS, hereinafter "USFBOP", ADMINISTRATIVE REMEDY BP-8, See Exhibit "E", attached hereto and incorporated herein as if fully restated.

11(6). NOTICE OF FAULT - OPPORTUNITY TO CURE, served by "USFBOP", ADMINISTRATIVE REMEDY BP-9, attached hereto and incorporated herein as if fully restated.

11(7). NOTICE OF DEFAULT - CONSENT TO DECREE, served by "USFBOP" by ADMINISTRATIVE REMEDY BP-10, attached hereto and incorporated herein as if fully restated.

11(8). NOTICE - DEMAND FOR SPECIFIC PERFORMANCE, served by "USFBOP" by ADMINISTRATIVE REMEDY BP-11, attached hereto and incorporated herein as if fully restated.

12. The Parties have agreed that Respondents accepted the offers to Contract (Notices) as demonstrated at Items 11, 1-8, supra, as is established in the verified record of this Court. See Exhibit 1, Petitioner's Complaint, pages 14, Item 77, pages 24-30, Item 97-133-1-9; Exhibit "A", pages 13, 14, Exhibit "B", Pages 14, 15; Exhibit "C", pages 4, 5; Exhibit "D", page 4, 5; Exhibit "E", page 3; Exhibit "F", page 3; Exhibit "G", page 3; Exhibit "H", page 3.

13. The Parties have agreed that Respondents received Fair Notice of

9

Claims against them, as is established in the verified record of this Court. See Exhibit 1, Petitioner's Complaint; Exhibits "A" - "H", NOTICES

14. The Parties agree that Respondents received proper Notice and Opportunities to respond and cure their fault and default, as is established in the verified record of this Court. See exhibit 1, Petitioner's Complaint; Exhibits "A" - "H", NOTICES.

15. The verified record of this Court conclusively proves beyond a reasonable doubt that Petitioner met all Conditions Precedent required to establish a valid and enforceable Contract between the Parties as verified by the following facts: All Exhibits, 1, 2; "A" - "H" are attached hereto and incorporated herein as if fully restated.

15(1). Respondents were served offers to Contract by Petitioner at their workplaces. See Exhibit 1, Complaint; Exhibit "A" - "H", NOTICES.

15(2). Respondents accepted Petitioner's Offer to Contract at their workplaces, See Exhibit 1, Complaint, page 14, Item 77, pages 24-30, Items 97-133-1-9; Exhibit "A", pages 13, 14; Exhibit "B", pages 14, 15; Exhibit "C", pages 4, 5; Exhibit "D", pages 4, 5; Exhibit "E", page 3; Exhibit "F", page 3; Exhibit "G", page 3; Exhibit "H", page 3.

15(3). Respondents received full disclosure of Petitioners intent to Contract and the terms and conditions regarding the Contract. See Exhibit 1, Complaint, pages 24-30, Items 97-133-1-9; Exhibit "A" - "H".

15(4). Respondents were duly noticed of their obligation to provide Petitioner with a responsive answer in defense of the claims against them. See Exhibit 1, Complaint, pages 24-30, Item 97-133-1-9; Exhibit "A" - "H".

15(5). The Parties have agreed that, Respondents voluntarily failed

10

in their duty to provide Petitioner as a responsive answer in defense of the claims against them, as is established in the verified record of this Court. See Exhibit 1, Complaint, page 24-30, Item 97-133-19; Exhibit "A", pages 9-11, Items 3, 4, TIME IS OF THE ESSENCE: Exhibit "B", pages 10-12, Items 3, 4, TIME IS OF THE ESSENCE; Exhibit "C", page 1; Exhibit "D", page 1; Exhibit "E", page 2, Items 10, 12; Exhibit "F", page paras. 6, 7; Exhibit "G", page 2, paras. 5, 7; Exhibit "H", page 2, paras, 5, 7.

15(6). Respondents voluntarily failure to answer, as stated herein, constitutes Respondents mutual assent to Contract with Petitioner, as is established in the verified record of this Court. See Exhibit 1, Complaint, pages 24-30, Item 97-133-1-9; Exhibit "A", page 9-11, Item 3, 4, TIME IS OF THE ESSENCE; Exhibit "B", pages 10-12, Items 3, 4; Exhibit "C", page 1; Exhibit "D", page 1; Exhibit "E", page 2, Items 10, 12; Exhibit "F", page 2, paras. 6, 7; Exhibit "G", page 2, paras. 5, 7; Exhibit "H", page 2, paras. 5, 7.

15(7). The Parties have agreed that, Petitioner's right to Contract was established when Respondent Parties failed to provide for Petitioner's right to timely and medically acceptable healthcare, as is established in the verified record of this Court. See Exhibit 1, Complaint, 24-38, Items 97-179; Exhibit "A", pages 4-9, Items 1-44; Exhibit "B", pages 5-10, Items 1-44; Exhibit "K", and "L", BOP Program Statements 6013.01 and 3420.11, respectively.

15(8). The Parties have agreed that, Petitioner's right is established by USFBOP regulation as is evidenced at USFBOP Program Statements 6013.01 and 3420.11, as is established in the verified record of this Court. See

11

cites at Item 15(7), herein, Supra.

15(9). The Parties have agreed that, Petitioner was irreparably injured by the direct and proximate Acts and/or Omissions of Respondent Parties when they denied Petitioner's right to timely and medically acceptable healthcare, as is established in the verified record of this Court. See cites at Item 15(7), herein, Supra.

15(10). The irreparable injury was caused by Respondent Parties by the unlawful Acts and/or Omissions, while acting in their Official Capacity under Color of Office, as is established in the verified record of this Court. See cites at Item 15(7), herein, Supra.

15(11). The UNITED STATES OF AMEICA is Respondeat Superior for its Officers, Agents, Employees, Representatives, Contractors, hereinafter, employees, and is liable for the unlawful actions of said employees when they act in their Official Capacities and under Color of Office, as is established in the verified record of this Court. See Exhibit 1, Complaint, pages 24-38, Items 97-179; Exhibit "A", page 8, Items 35-41; Exhibit "B", page 9, Items 35-41; Exhibit "C", page 1; Exhibit "D", page 1.

15(12). The detriment caused to Petitioner by Respondents denying Petitioner the right to timely and medically acceptable healthcare constitutes Petitioner's Consideration regarding the Contract., as is established in the verified recor d of this Court. See Exhibit 1, Complaint, pages 24-38, Items 97-179; cites at Items 15(11), herein, Supra. See Black Law Dictionary Ninth Edition, "CONSIDERATION", page 347, Footnote 1.

15(13). Petitioner has the Constitutional Standing to bring this Suit because:

A. Petitioner was in fact irreparably injured;

B. Petitioners injury was caused by the direct and proximate result of the Acts and/or Omissions of Respondent Parties;

C. The relief requested will remedy the injury as much as possible.

15(14). The have  agreed that, the Parties have Capacity to sue and to be sued becuase:

A. The Parties are legal age of majority;

B. The Parties are of sound mind;

C. The Parties are competent to testify if called upon;

D. The Parties  are not under disability;

E. The Parties are not under threat, duress or coercion;

F. The Respondent Parties were properly served Summons and Complaint;

G. The Respondent Parties have been given Fair Notice of Claims against them and opportunity to defend. See Exhibit 1,  Complaint, pages 15-18, Items 84-A-S, as is established in the verified record of this Court.

15(15). The allegations in Petitioner's Contract and Complaint are clearly plausible. See Exhibit 1, Complaint, pages 24-38, Items 91-179.

15(16). Petitioner has clearly demonstrated in Items 1-15(1)(15), Supra, that a valid and enforceable Contract is established by Operation of Law, as is established in the verified record of this Court. See Items 1-15(1)(15).

16. The Parties have agreed that a valid and enforceable Contract exists between the Parties by the informed consent, stipulation and a agreement of the Parties as is established in the verified record of this Court. See Exhibit 1, Complaint, page 17, Item 84(L), pages 25-30, Items 100-133(1-9) Exhibit "A", page 11, Item 8, TIME IS OF THE ESSENCE: Exhibit

13

"B", page 12, Item 8, TIME IS OF THE ESSENCE; Exhibit "C", page 1; Exhibit
"D", page 1; Exhibit "E", page 2 Items 6, 7, 8, 9, 10, 12; Exhibit "F",
page 2, paras 2, 3, 4, 5, 6, 7; Exhibit "G" page 2, paras 2, 3, 4, 5, 7;
Exhibit "H", page 2, paras 2, 3, 4, 5, 7.

- IN SUMMARY -

17. Petitioner has clearly demonstrated in Items 1-17, Supra. That
Petitioner has, in fact, Stated a Claim upon which Relief can be Granted,
as is established in the verified record of this Court. Petitioner has
established in the verified record of this Court the following Facts and Law:

17(1). The Parties have agreed with all of the allegations contained
within the Petitioner's Complaint. See Section I, Items 12, 13, 15, 16
herein, Supra.

17(2). The Parties have agreed that this Court, does in Fact and law,
have Subject Matter Jurisdiction to hear this Suit regarding the Specific
Performance, due to Respondents Breach of Contract, as is established in the
verified record of this Court. See Section I, Item 1-11, herein, Supra.

17(3). The Parties have agreed as a matter of Fact and Law that
Petitioner has Constitutional Standing to bring this Suit, as established in
the verified record of this Court. See Section I, Item 9(A-C), herein, Supra.

17(4). The Parties have agreed that Petitioner has Federal Question
Jurisdiction to bring this Suit in this Court, as is established in the
verified record of this Court. See Section I, Item 1, herein, Supra.

17(5). The Parties have agreed that the Parties have legal Capacity
to sue or be sued, as is established in the verified record of this Court.
See Section I, Item 10, herein, Supra.

17(6). The Parties have agreed that by Respondents Facial Attack on

14

Petitioner's Complaint, all alegations in the Complaint are admitted as true Facts and Petitioner's Complaint is controlling, as is established in the verified record of this Court.

17(7) The Parties have agreed that pursuant to RCFC 8(B)(6), this Court must construe the allegations as true facts and make all inferences in favor of Plaintiff, as is established in the verified record of this Court. See Section I, Items 12, 13, 15, 16, herein, Supra.

17(8). The Parties have agreed that the facts and Law demonstrated that Petitioner has clearly served Respondents with Fair Notice of the Claims against them, as is established in the verified record of this Court. See SectionII, Item 11(1-8), herein, Supra.

17(9). The Parties have agreed that the Facts and law demonstrated that Peititioner served lawful Notice of Intent to Contract on Respondents, as is establihed in the verified record of this Court. See same cites as Section II, Item 17(8), herein, Supra.

17(10). The Parties have agreed that the Facts and law demonstrated that Respondents  accepted Petitioner's lawful Notice of Intent to Contract at their workplaces, as is established in the verified record of this Court. See cites at Section II, Item 17(8), herein, Supra.

17(11). The Parties have agreed that the Facts and Laws demonstrated that Petitioner gave lawful Notice and Opportunity to Respondents regarding the Intent to Contract, as is established in the verified record of this Court. See cites at Section II, Item 17(8).

17(12). The Parties have agreed that the Facts and law demonstrated that Petitioner gave Respondent full disclosure of all the terms and conditions contained within the valid and enforceable Contract between the Parties, as is established in the verified record of this Court. See

15

cites at Section II, Item 17(8), herein, Supra.

17(13). The Parties have agreed that the Facts and Law demonstrated that Petitioner has clearly established all elements as necessary to establsihed a lawful, valid and enforceable Contract between the Parties, as is established in the verified record of this Court including:

17(13, A) Offer - See cites at Section II, Item 17(8), herein, Supra.

17(13, B) Acceptance - See cites at Section II, Item 17(8), herein, Supra.

17(13, C) Notice and opportunity - See cites Section II, Item 17(8), herein, Supra.

17(13, D) Full Disclosure - See cites at section II, Item 17(8), herein, Supra.

17(13, E) Mutual Assent to Contract - See cites at Section II, Item 15(6), herein, Supra.

17(13, F) Consideration - See cites at Section II, Item 15(12), herein, Supra.

17(13, G) Constitutional Standing - See cites at Section I, Items 1, 9, herein, Supra.

17(13, H) The Parties have legal Capacity to sue and be sued - See Section I, Item 10, herein, Supra.

17(13, I) Authority of the Respondent Parties to commit the UNITED STATES OF AMERICA to a Contract. See cites at Section I, Item 14, herein, Supra; See cites at Section II, Items 15(1-11), herein, Supra.

17(13-J) The Allegations in Petitioner's Complaint are plausible. See cites at section II, Item 15(14), herein, Supra.

17(13, K) Petitioner has clearly demonstrated by Facts and Law that a valid and enforceable Contract does exists between the Parties by Fact and Operation of Law, as is established in the verified record of this Court. See cites at Section II, Item 15(15), herein, Supra.

17(13, L) There is no dispute regarding the interpretation of the Constitution or statutes, as is established in the verified record of this Court. See Section II, Item 6, herein Supra.

17(13, M) There is no dispute regarding the legal sufficiency of Petitioner's supporting documents i.e. Exhibits as is established in the verified record of this Court. See Section II, Item 7, herein, Supra.

17(13, N) There is no dispute regarding the interpretation of Petitioner's valid and enforceable Contract, as is established in the verified record of this Court. See Section II, Item 8, herein, Supra.

17(13, O) There is no dispute regarding a statute of limitations as is established in the verified record of this Court. See Section II, Item 9, herein, Supra.

17(13, P) There is no dispute regarding Respondents Qualified Immunity, as is established in the verified record of this Court. See Section II, Item 10, herein, Supra.

## RELIEF REQUESTED

Pursuant to Items 1-17 (13-A-P) Supra., Petitioner has clearly demonstrated that Respondents Motion to Dismiss for RCFC 12(b)(1) and RCFC 12(b)(6) should be denied for just causes stated herein. Petitioner has clearly shown that he has the right, as a matter of law, to Specific Performance in accord with the valid and enforceable Contract between the Parties, and that Respondent(s) have the duty to Specific Perform. Petitioner respectfully demands as a matter of right, that this Court Deny Respondent's Motion and Grant Petitioner Final Summary Judgment.

Motion for Final Summary Judgment is inclosed and Respondents have been given notice of said Motion as is evidenced herein.

VERIFICATION

STATE OF LOUISIANA )
                                )     ss

ALLEN PARISH )

1) This REPLY TO RESPONDENTS MOTION TO DISMISS FOR RCFC 12(b)(1) and

RCFC 12(b)(6) is not being presented for any improper purpose(s).

2) The claim and defenses in this REPLY TO RESPONDENTS MOTION TO DISMISS

FOR 12(b)(1) and 12(b)(6) are warranted by existing laws.

3) The Factual Allegations herein have evidentiary support.

4) Denial of Factual Allegation(s) shall be warranted only upon presentment

documented proof(s) and verified responsive answer required under solemn

oath to the contrary.

5) I, Rafael Daniel De la Cruz Jimenez, Petitioner, make solemn affirmation

that the charges/allegations make in the foregoing REPLY TO RESPONDENTS

MOTION TO DISMISS FOR 12(b)(1) and RCFC 12(b)(6) are true, correct and

materially complete as of Petitioner's own first-hand actual knowledge,

under Penalty of Perjury.

6) Petitioner is legal age of majority, sound of mind, is not under any legal

disability(s), and competent to testify if Called Upon. Petitioner made these

statements as free act and deed and has not made the statements/allegations

ect., under threat, duress, or coercion.

       Executed Under Signature and Seal on 20 day of February, 2020.


_Rafael Daniel De La Cruz Jimenez_ (SEAL)
Rafael Daniel De La Cruz Jimenez, Petitioner

19

CERTIFICATE OF SERVICE

STATE OF LOUISIANA          )
                            )   ss
ALLEN PARISH                )

I Rafael Daniel De La Cruz Jimenez, Petitioner, do hereby solemnly swear or
affirm under solemn Oath that the Petitioner did file NOTICE OF MOTION and
REPLY TO RESPONDENTS MOTION TO DISMISS FOR RCFC 12 (b)(1) and RCFC 12 (b)(6)
and ORDER ON MOTION and EXHIBITS 1, 2, and EXHIBITS A-N for a grant total of
_305_ pages served to the CLERK OF THE COURT/UNITED STATES COURT OF
FEDERAL CLAIMS and UNITED STATES OF AMERICA, Sean L. King at the address
below via USPS Prepaid Certified Mail and Return Receipt on _20_ day
of _February_ , 2020. Petitioner deposited the above identified documents
in the mail receptable at OAKDALE FEDERAL CORRECTIONAL INSTITUTION.

UNITED STATES COURT OF FEDERAL CLAIMS
CLERK OF THE COURT
717 MADISON PLACE
WASHINGTON, DC 20439
Certified Mail # 7019 2280 0000 5874 3237
Return Receipt # 9590 9402 5374 9189 9575 06

UNITED STATES OF AMERICA, et al., at/
UNITED STATES DEPARTMENT OF JUSTICE/Civil Division
Commercial Litigation Branch
Trial Attorney, Sean L. King
P.O. Box 480, Ben Franklin Stattion
Washington, DC 20044
Certfied Mail # 7019 2280 0000 5874 1608
Return Receipt # 9590 9402 5374 9189 9574 90

Executed Under Signature and Seal on _20_ day of _February_ , 2020.

_____ (SEAL)
Rafael Daniel De La Cruz Jimenez, Petitioner

NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT
(Applicable to All Successors and Assigns)

20

In The United States Court of Federal Claims

Rafael Daniel De La Cruz Jimenez,  )
                    Petitioner,     )
                                    )
                                    )
                                    )
and                                 )      Case No.: 1:19-cv-01761-VJW
                                    )      Senior Judge Victor J. Wolski
                                    )
                                    )
                                    )
UNITED STATES OF AMERICA, et al,    )
                    Respondents,    )
                                    )
_____)

PETITIONER ORDER ON MOTION TO REPLY RESPONDENTS
MOTION TO DISMISS FOR RCFC 12(b)(1), LACK OF SUBJECT MATTER JURISDICTION,
AND RCFC 12(b)(6), FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Petitioner respectfully requests that this Court grant Petitioner's

Reply to Respondents Motion to Dismiss for RCFC 12(b)(1) and RCFC 12(b)(6)

for the causes demonstrated therein.

GRANTS the Motion _____

DENIES the Motion _____

APPROVED and ENTRY REQUESTED

Date _____ Signed by _____
                                    United States Court of Federal Claims
                                    Senior Judge Victor J. Wolski

1

**CERTIFIED MAIL**

7019 2280 0000 5874 3237

⇔56269-004⇔
De La Cruz Rafael Daniel
Federal Correctional Inst
P O Box 5000
Oakdale, LA 71463
United States

U.S. POSTAGE PAID
PM 2-DAY
OAKDALE, LA
71463
FEB 21 20
AMOUNT
**$0.00**
1004      20439      R2305H127654-05

⇔56269-004⇔
Of Court Clerks
US Court of Federal Claim
717 Madison Place Nw.,
Washington, DC 20439
United States

RECEIVED
FEB 24 2020
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS