IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RAFAEL DANIEL DE LA CRUZ JIMENEZ, </br></br>Plaintiff, </br></br>v. </br></br>THE UNITED STATES, </br></br>Defendant. | No. 19-1761C </br>(Senior Judge Wolski) |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Pursuant to United States Court of Federal Claims Rules 12(b)(1) and 12(b)(6), defendant, the United States, respectfully submits this reply in support of our motion to dismiss the complaint filed by *pro se* plaintiff, Rafael Daniel De La Cruz Jimenez, for lack of jurisdiction and failure to state a claim. Here, Mr. De La Cruz Jimenez's complaint is primarily based on breach of a purported contract with various Federal Bureau of Prisons (BOP) officials, deliberate indifference and gross negligence related to his medical care in prison, and specific performance of the purported contract, as well as other unclear allegations. Dkt. No. 1. Mr. De La Cruz Jimenez's response fails to address the substance of our arguments regarding jurisdiction and his failure to state a claim. Dkt. No. 12. Instead, he repeats similar allegations in the complaint that the parties have allegedly "agreed" on a variety of factual and legal matters, thus entitling him to relief in this Court, and he has filed a summary judgment motion on that basis. Dkt. No. 11-12. Contrary to Mr. De La Cruz Jimenez's assertions, no agreements have been made between the parties and the bases for our dispositive motion to dismiss still stand. And no alleged actions of the parties can confer subject-matter jurisdiction in this Court where it does not exist. *See Dunklebarger v. Merit Sys. Prot. Bd.*, 130 F.3d 1476, 1480 (Fed. Cir. 1997).

RECEIVED
DOJ COURIER
MAR - 9 2020
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

As we stated in our motion, the Court should dismiss the complaint because the allegations are clearly directed at Federal officials, over which this Court does not possess jurisdiction. *Hairston v. United States*, 99 Fed. Cl. 695, 697-98 (2011) (citing *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("*Bivens* actions ... lie outside the jurisdiction of the Court of Federal Claims.")). Allegations that the BOP failed to provide appropriate medical care are claims sounding in tort or under the Eighth Amendment, over which this Court also lacks jurisdiction. *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007). And Mr. De La Cruz Jimenez has not alleged all the requisite elements of a contract with the United States, nor can he establish them. He appears to allege that a contract was created when BOP officials did not respond to his demand for $52 million or what he deems "informed consent, stipulated and agreed." Dkt. No. 1 at 11; Dkt. No. 1-2. This conclusory allegation of a contract fails to allege or establish: (1) lack of ambiguity in offer and acceptance; (2) mutuality of intent to contract; (3) sufficient conduct by a Government representative having actual authority to bind the Government in contract; and (4) consideration. *Pennsylvania Dep't of Pub. Welfare v. United States*, 48 Fed. Cl. 785, 787-88 (2001) (citing *Nevin v. United States,* 43 Fed.Cl. 151 (1999), *aff'd.* 232 F.3d 912 (Fed. Cir. 2000)). As such, complaint counts one and three must also be dismissed under Rule 12(b)(6).

Finally, it does not appear that transferring plaintiff's inadequate medical care claim to district court "is in the interests of justice." 28 U.S.C. § 1631 (this Court may transfer the complaint to the appropriate court when it determines that it lacks jurisdiction and transfer "is in the interests of justice"); *Hairston*, 99 Fed. Cl. at 698 (discussing merits of prisoner medical care claim and declining to transfer the complaint to district court). Mr. De La Cruz Jimenez's response does not clearly address the high standard to succeed on a claim of inadequate medical

care in prison brought under the Eighth Amendment and 42 U.S.C. § 1983 or that such a claim must be brought in U.S. district court. His summary judgment motion reiterates the same conclusory allegations and entitlement to relief as his complaint, and includes similar medical information that was attached to the complaint.

Accordingly, the Court should dismiss the complaint for lack of jurisdiction and failure to state a claim for relief. It does not appear that transfer of the prison medical care claim would be in the interests of justice given the high standard that Mr. De La Cruz Jimenez must establish, but we will defer to the Court's determination on whether transfer is warranted. And although Mr. De La Cruz Jimenez has moved for summary judgment, a "court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits." *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (citations omitted). We do not intend to separately respond to his motion on the merits while our motion to dismiss remains pending, unless ordered to by the Court. Thus, the Court should grant the Government's motion to dismiss, and then deny plaintiff's summary judgment motion as moot.

                      Respectfully Submitted,

                      JOSEPH H. HUNT
                      Assistant Attorney General

                      ROBERT E. KIRSCHMAN, JR.
                      Director

                      */s/ Tara K. Hogan*
                      TARA K. HOGAN
                      Assistant Director

                      */s/ Sean L. King*
                      SEAN L. KING
                      Trial Attorney
                      Commercial Litigation Branch

March 9th, 2020

Civil Division
Department of Justice
PO Box 480, Ben Franklin Station
Washington, DC 20044
TEL.: (202) 353-9369
FAX: (202) 305-1571
E-mail: sean.king@usdoj.gov
Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 9th day of March, 2020, I caused to be placed in the United States mail (first-class, postage prepaid), a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS" addressed as follows:

RAFAEL DANIEL DE LA CRUZ JIMENEZ
56269-004
F.C.I. Oakdale I
P.O. Box 5000
Oakdale, LA 71463