# In the United States Court of Federal Claims

No. 19-1761C
(Filed January 28, 2021)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                   *
                                   *
RAFAEL DANIEL                      *
DE LA CRUZ JIMENEZ,                *
                                   *
                                   *
             Plaintiffs,           *
                                   *
       v.                          *
                                   *
THE UNITED STATES,                 *
                                   *
             Defendant.            *
                                   *
                                   *
* * * * * * * * * * * * * * * * * *
```

## ORDER

After the government filed a motion to dismiss this case, ECF No. 6, plaintiff Rafael Daniel De La Cruz Jimenez, a federal prisoner representing himself, responded with his own motion for summary judgment, ECF No. 11, as well as his opposition to the government's motion, ECF No. 12. When the government did not file a separate response to Mr. De La Cruz Jimenez's motion because it had already challenged our jurisdiction over the matter, *see* ECF No. 13 at 3, plaintiff then filed what he styled as a "Motion to Render Judgment," ECF No. 15, contending that the government's failure to file a separate response entitled him to the relief he seeks in this case. Plaintiff, perhaps owing to his pro se status, is mistaken in both instances about the relevant procedural rules. Accordingly, both of Mr. De La Cruz Jimenez's motions are **DENIED**.

Plaintiff's motion for summary judgment rests entirely on two mistaken premises. First, plaintiff appears to believe that the government has failed to respond to the factual allegations in his complaint, and thereby admitted them, by filing a motion to dismiss the case rather than an answer. *See* ECF No. 11 at 3–4.† Second, plaintiff appears to believe that the government, by accepting his factual

---

† Because plaintiff's notice of his motion and the motion itself were filed as one document, all references are to the ECF pagination.

claims for the purposes of the motion to dismiss the case, has thereby acknowledged their truth. *See id.* at 4.

The first confusion arises from a misunderstanding of Rule 8(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), which states that "[a]n allegation . . . is admitted if a responsive pleading is required and the allegation is not denied." Based on this rule, plaintiff maintains that the government's failure to file an answer has resulted in his allegations being deemed admitted. *See* ECF No. 11 at 2–4. But the deadline for filing an answer to the complaint has yet to arrive, because the government timely filed a motion to dismiss the case under RCFC 12(b), postponing the answer deadline until (and if) the motion is denied---in which case the answer is not due until "14 days after notice of the court's action." RCFC 12(a)(4)(A)(i). Defendant has not missed an opportunity to rebut the factual claims in the complaint by timely taking one to move for dismissal. *See Butt v. United States*, No. 05-1187C, 2007 WL 5161797, at *1 (Fed. Cl. Feb. 12, 2007) ("[T]he lack of an answer is no admission of any sort on the part of the government."). The defendant's filing of a Rule 12(b) motion in lieu of an answer is not a proper basis for a plaintiff to request summary judgment. *See McBride v. United States*, No. 14-925C, 2015 WL 881396, at *1 n.2 (Fed. Cl. Feb. 27, 2015).

As to the second, plaintiff misunderstands the practice of treating as true the factual allegations in a complaint for the purpose of deciding a motion to dismiss a case. This is not an acknowledgement of the truth of the allegations. When considering a motion to dismiss a case, courts construe allegations in the complaint "favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). When it comes to factual allegations, this means treating them as true, with certain exceptions not relevant here. *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002). *Cf. Chisolm v. United States*, 82 Fed. Cl. 185, 192 (2008) (noting jurisdictional facts must be shown by a preponderance of the evidence). This does not mean they *are* true, but rather that---their validity having not yet been tested---the Court's inquiry is whether the complaint makes out any "reasonable basis upon which" plaintiff can succeed if the allegations are believed. *Pixton*, 291 F.3d at 1326. By filing a motion to dismiss, a defendant is not conceding the case, and such a filing is no ground for a plaintiff's summary judgment motion. *See Salter v. United States*, No. 10-318C, 2011 WL 6890645, at *1 n.1 (Fed. Cl. Dec. 29, 2011).

While pro se plaintiffs' filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save a motion for summary judgment entirely premised on an incorrect understanding of the law. Accordingly, Mr. De La Cruz Jimenez's motion for summary judgment, ECF No. 11, is **DENIED.**

The second motion filed by plaintiff appears to be premised on the incorrect belief that a failure of the opposing side to file a separate response to a motion for summary judgment entitles the movant to judgment in his favor. *See* ECF No. 15

at 1–2. But the government, in its reply in support of the motion to dismiss the case, both disputed the premise of the summary judgment motion---that it "agreed" with the factual and legal allegations in the complaint by filing a Rule 12(b) motion instead of an answer, ECF No. 13 at 1---and explained why a separate response concerning the merits of the case was premature in light of the pending challenge to our court's jurisdiction, *id.* at 3.

The Court agrees with the government, *see* ECF No. 16 at 1, that a "court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits" of the case. *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241(Fed. Cir. 2002)). As a consequence, a responsive brief to the motion for summary judgment was unnecessary at the time the government filed its reply paper. In any event, the government adequately and succinctly noted the deficiency in the summary judgment motion, *see* ECF No. 13 at 1, and the Court has found that motion to be baseless. Thus, Mr. De La Cruz Jimenez's "Motion to Render Judgment," ECF No. 15, is also **DENIED**.

**IT IS SO ORDERED.**

*[signature]*

VICTOR J. WOLSKI
Senior Judge