# In the United States Court of Federal Claims

No. 19-1761C
(Filed November 18, 2021)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
RAFAEL DANIEL                    *
DE LA CRUZ JIMENEZ,              *
                                 *
                                 *
            Plaintiff,           *
                                 *
   v.                            *
                                 *
THE UNITED STATES,               *
                                 *
            Defendant.           *
                                 *
* * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Senior Judge.

This matter is brought by Rafael Daniel De La Cruz Jimenez, a federal inmate proceeding *pro se*. Plaintiff claims he was injured by the deliberate indifference and gross negligence of various federal prison officials who allegedly did not provide him with timely and adequate medical care in response to the onset of serious medical issues. *See* Compl., ECF No. 1, ¶¶ 134–76. Mister De La Cruz Jimenez claims that an enforceable contract exists between him and the federal government entitling him to compensation for his injuries, due to the failure of the federal government and various of its officials to respond to documents he created and mailed. *See id.* at 3 & ¶¶ 59, 76–79, 84, 97–133; *see also* Compl. Exs. A–H, ECF Nos. 1-3 through 1-10. He seeks a total of $52,000,000 in damages from the federal government and from twenty-six named (and one unnamed) federal officials, sued purportedly in both official and individual capacities. Compl. at 1–3, 41–42 & ¶¶ 2–56B, 185, 190, 195. He also seeks an array of equitable remedies. *Id.* ¶¶ 194, 196. The government has moved to dismiss this case under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). *See* Def.'s Mot. to Dismiss (Def.'s Mot.) at 1–6, ECF No. 6. Because Mr. De La Cruz Jimenez's tort claims fall outside of this court's jurisdiction and he fails to state a claim for the existence of an enforceable contract, the government's motion to dismiss this case must be **GRANTED-IN-PART**. But, as explained below, the Court finds it is in the

interest of justice to transfer Mr. De La Cruz Jimenez's tort and Eighth Amendment claims to a district court.

## I. BACKGROUND

Plaintiff Rafael Daniel De La Cruz Jimenez is an inmate at the Oakdale Federal Correctional Institution ("F.C.I. Oakdale") in Oakdale, Louisiana. Compl. ¶ 1. Plaintiff alleges that, starting in February 2017, he began to feel ill with symptoms including "severe headache[s], blurred vision, dizziness, high fever, general malaise, weakness in the extrem[i]ties, and loss of appetite." *Id.* ¶ 134; *see, e.g.*, Compl., Ex. J at 5, ECF No. 1-11. He reported his condition over several weeks to security officers and requested assistance from medical staff. Compl. ¶¶ 135–36, 139. Plaintiff alleges that medical staff repeatedly rebuffed his complaints and ordered him "not to return to Medical because he was allegedly faking illness." *Id.* ¶ 137. But Mr. De La Cruz Jimenez asserts that his symptoms grew progressively worse to the point that he could no longer stand or sit up without assistance and suffered from "severe constipation, vomiting, severe abdominal pain, weight loss, [and an] inability to eat or drink without vomiting." *Id.* ¶ 138; *see also id.*, Ex. J at 44–46. Nevertheless, medical staff purportedly continued to deny him assistance although he and other inmates who witnessed his difficulties requested help "at least 20 times." Compl. ¶¶ 139–40, 168–69. Mister De La Cruz Jimenez's condition reached a breaking point when he collapsed in a dining hall in late April 2017. *Id.* ¶ 141, Ex. J at 28. He was transported to a hospital but was thereafter discharged with a diagnosis of constipation. Compl. ¶¶ 142–44, Ex. J at 25. Soon after, plaintiff asserts that his health deteriorated dramatically as prison staff allegedly continued to ignore his pain, which finally culminated in another hospital visit and the eventual discovery of a brain tumor in May of 2017. Compl. at ¶¶ 145–47, Ex. J at 52.

Even after his diagnosis and emergency surgery to remove the tumor, Mr. De La Cruz Jimenez alleges continued indifference toward his condition on the part of facility staff. This alleged mistreatment included repeated accusations that he was faking illness, placement "in unsanitary and unsuitable conditions for healthy recovery," and denial of proper care following complications from his surgery. *See* Compl. ¶¶ 151–63. As a "direct and proximate result of the acts and omissions" of staff, plaintiff contends that he "is suffering ongoing and continuous irreparable injuries." *Id.* ¶ 170; *see also id.* ¶¶ 59(D), 92(F), Ex. M at 2–4. In support, Mr. De La Cruz Jimenez attaches extensive medical records and affidavits to his complaint. *See* Compl., Exs. J, M, & N, ECF Nos. 1-11, 1-14 & 1-15. He also cites to his rights under two Federal Bureau of Prisons (BOP) program statements. Compl. ¶¶ 164–67, 187 (regarding BOP Program Statements 6013.01 and 3420.11); *id.* Exs. K & L, ECF Nos. 1-12 & 1-13. Overall, he argues that the acts and omissions of prison staff in denying him timely and appropriate medical care "constitutes Deliberate Indifference and Gross Negligence on the part of" all named parties. Compl. ¶ 172; *see id.* ¶¶ 168–75.

In an apparent attempt to secure compensation for his past and present suffering, Mr. De La Cruz Jimenez mailed a "private international remedy demand" to numerous federal officials in which he described his experience at F.C.I. Oakdale and demanded $52,000,000, along with a host of equitable remedies. *See* Compl., Ex. A. His demand also included a provision construing any failure to respond within 30 days as "informed consent" to his demands. *Id.* at 10–11; Compl. ¶ 59. Mister De La Cruz Jimenez received no response to his demand letter after sending a "notice of fault---opportunity to cure," Compl. Ex. B, and two "notice[s] of default," Compl. Exs. C. & D; *see also* Compl. ¶¶ 77–84, 97–133.

Mister De La Cruz Jimenez argues that because the various officials did not respond or comply with the terms of his demand, a contract was formed between him and the parties named. Compl. ¶¶ 59, 76–84, 93–118, 179–82; Ex. C at 1; Ex. D at 1. After failing to succeed on this theory through administrative processes, *see* Compl. ¶ 84(K)-(M), 113–31; Exs. F, G, & H, he has filed a complaint in this court purporting to contain three causes of action. First, he alleges a breach of the terms of the "private international remedy demand," which he construes as a "valid and enforceable contract between the Parties" to remedy the injuries related to his medical care. Compl. ¶¶ 59, 180–85. Second, Mr. De La Cruz Jimenez asserts distinct tort claims of deliberate indifference and gross negligence regarding the medical care he received at F.C.I Oakdale. *Id.* ¶¶ 186–90. Finally, plaintiff requests that the prison provide him with what he terms as "Specific Performance" under the purported contract, including that it "correct the medical procedures . . . to prevent any inmates from suffering unnecessarily." *See id.* ¶¶ 59(F), 133(5)-(6), 191–96. In total, Mr. De La Cruz Jimenez seeks $52,000,000 across his claims and payment of "all Court costs, fees, expenses, bonds, and other costs as required for settlement of this Suit." Compl. ¶¶ 132, 179, 195; *id.* at 41–42 (relief demanded).

The government has moved to dismiss this case pursuant to RCFC 12(b)(1) and 12(b)(6). *See* Def.'s Mot. at 1. The government argues that the "substance of the allegations are clearly directed at Federal officials, over which this Court does not possess jurisdiction." *Id.* at 2 (citing *Hairston v. United States*, 99 Fed. Cl. 695, 697–98 (2011) and *Brown v. United States*, 105 F.3d. 621, 624 (Fed. Cir. 1997)). Defendant argues that plaintiff "has not alleged all the requisite elements of a contract with the United States or Federal officials, nor can he establish them" based on Mr. De La Cruz Jimenez's demand letter. Def's Mot. at 2. And the government notes that this court lacks jurisdiction over claims sounding in tort or brought under the Eighth Amendment, *id.* (citing *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007)), and maintains that transfer to a district court would "not appear" to be "in the interests of justice satisfying 28 U.S.C. § 1631 due to the "high standard" for liability, *id.* at 3–4.

In his response, plaintiff primarily discusses his contract theory. *See* Pl.'s Response to Def.'s Mot. to Dismiss (Pl.'s Resp.), ECF No. 12 at 3–18.[1] Plaintiff maintains that the various federal officials who received his "remedy demand" accepted offers to contract by not responding in the time specified and possessed the authority to bind the federal government to a contract by virtue of the doctrine of "respondeat superior." *See id.* at 8–13, 16. He argues that the government's "denying [him] the right to timely and medically acceptable healthcare constitutes [his] [c]onsideration regarding the [c]ontract." *Id.* at 12. In addition, he contends that he suffered from violations of his "right to timely and medically acceptable healthcare," under BOP Program Statements 6013.01 and 3420.11. *Id.* at 3, 11.[2] Given the nature of plaintiff's response, in reply the government primarily reiterated the reasons for dismissal of the case that it advanced in its motion. *See* Def.'s Reply, ECF No. 13, at 1–3.

## II. DISCUSSION

### A. Standard of Review

Under RCFC 12(b)(1), this court must dismiss claims that do not fall within its subject-matter jurisdiction. When considering whether to grant a motion to dismiss a case for lack of subject-matter jurisdiction, our court will normally accept as true all factual allegations the non-movant made and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (stating that on a motion to dismiss for lack of subject-matter jurisdiction this court views "the alleged facts in the complaint as true, and if the facts reveal any

---

[1] Pages are cited using the internal pagination of the document, not the ECF page, as these differ due to the attachment of two notices to the front of the package filed as docket entry 12.

[2] Mister De La Cruz Jimenez also misunderstands our rules and seems to argue that the legal conclusions and contentions in his complaint must be taken as admitted, either because undisputed facts are assumed true for purposes of Rule 12 motions, or because the government chose to use a Rule 12 motion instead of an answer in responding to the complaint. *See* Pl.'s Resp. at 4–9. In a separate order denying plaintiff's motions that were also based on these arguments, the Court has addressed Mr. De La Cruz Jimenez's incorrect interpretation of RCFC 8(b)(6) and RCFC 12. *De La Cruz Jimenez v. United States*, No. 19-1761C, 2021 WL 303307, at *1 (Fed. Cl. Jan. 28, 2021). Moreover, it is only well-pleaded *factual* allegations that are taken as true under a Rule 12(b) motion, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

Though a *pro se* plaintiff's filings are to be held to a less stringent standard than filings drafted by a lawyer, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Schirripa v. United States*, 747 F. App'x. 847, 849 (Fed. Cir. 2018) (relying on *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), this lenient standard does not remove a *pro se* litigant's obligation to demonstrate jurisdiction by a preponderance of the evidence, *see McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) (explaining the plaintiff's responsibility for showing that the claim falls within the court's jurisdiction); *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995) (noting that a plaintiff's status does not excuse defects in the complaint); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) (stating that the burden of proof for establishing jurisdiction is by a preponderance of the evidence). For a claim to fall within our court's Tucker Act jurisdiction, 28 U.S.C. § 1491(a)(1), it must be based on a contract with the federal government or on a money-mandating law which was allegedly violated by the federal government. *See United States v. Mitchell*, 463 U.S. 206, 216–17 (1983).

Even if a plaintiff asserts claims that fall within the court's jurisdiction, he must still present a valid claim on which the court can grant relief. *See* RCFC 12(b)(6). Notably, "[w]hen considering a motion to dismiss a case for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court accepts all well-pled facts as true and draws all reasonable inferences in plaintiff's favor." *Silver Buckle Mines, Inc. v. United States*, 117 Fed. Cl. 786, 791 (2014) (citing *Scheuer*, 416 U.S. at 236; *Pixton*, 291 F.3d at 1326; *Englewood Terrace Ltd. P'ship v. United States*, 61 Fed. Cl. 583, 584 (2004)). Granting a motion to dismiss a case for failure to state a claim "is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). Denial of the motion is warranted when the complaint presents "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### B. Analysis

Through the Tucker Act, Congress has provided:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2018). This provision gives our court "jurisdiction over suits against the United States, not against individual federal officials." *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997); *see also Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (holding that "the *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual") (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)) (emphasis in original). Thus, to the extent Mr. De La Cruz Jimenez is attempting to raise claims against individual federal officials from the Department of Justice, BOP or F.C.I. Oakdale, in any capacity, *see* Compl. ¶¶ 3–4, 7–56B, those claims are not within our jurisdiction. *See Hairston v. United States*, 99 Fed. Cl. 695, 697 (2011). The Court now turns to the specific causes of action and considers them as brought against the United States government.

### *1. The Non-Contractual Claims*

Plaintiff's second cause of action encompasses claims of "[d]eliberate [i]ndifference and [g]ross negligence in providing [plaintiff] with timely and adequate healthcare." Compl. ¶ 190; *see id.* ¶¶ 134–77, 186–89. These types of claims, however, are among those "sounding in tort" and thus beyond our court's jurisdiction under the Tucker Act. *See* 28 U.S.C. § 1491(a)(1); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (explaining that the Tucker Act "expressly exclud[es] from the court's jurisdiction claims 'sounding in tort'" (quoting 28 U.S.C. § 1491(a)(1))). "Allegations that the BOP failed to provide appropriate medical care are claims sounding in tort over which the Claims Court lacks jurisdiction." *Moore v. United States*, 685 F. App'x 991, 991 (Fed. Cir. 2017) (citing *Trafny*, 503 F.3d at 1340). In addition to claims of deliberate indifference, claims based on negligence, gross or otherwise, are not within our subject-matter jurisdiction, *see Moore*, 685 F. App'x at 991; *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 & n.5 (Fed. Cir. 2007); *O'Connor v. United States*, 355 F. App'x 412, 413 (Fed. Cir. 2009); *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998).

To the extent Mr. De La Cruz Jimenez's complaint can be construed as raising these claims under the Eighth Amendment, *see Estelle*, 429 U.S. at 104 (1976) (holding that "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment), our court is still without jurisdiction over such claims. Only violations of constitutional provisions that mandate the payment of money can be heard by our court. *See Mitchell*, 463 U.S. at 216–17. The Federal Circuit has held that our court "does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment is not a money-mandating provision." *Trafny*, 503 F.3d at 1340 (internal quotation and citations omitted). Moreover, the plain text of the portions of the two BOP regulations invoked by Mr. De La Cruz Jimenez, Program Statements 3420.11 and 6013.01, say nothing about the payment of money by the federal government, *see* Compl. Exs. K & L, and thus cannot be the basis of our jurisdiction, *see Mitchell*, 463 U.S. at 216–17.

Thus, whether they are construed as torts or as allegations of "cruel and unusual punishments," U.S. CONST. amend. VIII, the claims under Mr. De La Cruz Jimenez's second cause of action are not within the subject matter that Congress has placed within our court's jurisdiction. This does not, however, necessarily mean that defendant's motion to dismiss this cause of action must be granted. As the government acknowledges, *see* Def.'s Mot. at 3–4; Def.'s Reply at 2–3, another statute requires that when a federal "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed," 28 U.S.C. § 1631 (2018). United States district courts have jurisdiction over tort claims brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), and over Eighth Amendment violations brought pursuant to the rule from *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971); *see Carlson v. Green*, 446 U.S. 14, 18–23 (1980) (holding that a *Bivens* action may be brought for an Eighth Amendment violation).

The government maintains, however, that "it does not appear that" transfer is warranted under section 1631, Def.'s Mot. at 3, focusing exclusively on whether Mr. De La Cruz Jimenez's allegations can satisfy the standard developed for Eighth Amendment violations, namely a "deliberate indifference to serious medical needs," *see Estelle*, 429 U.S. 104. Defendant argues that plaintiff's "medical records suggest that he was properly treated and continued to receive care by prison medical staff over the course of several months," and that once the brain tumor was identified, "surgery was performed and there was sufficient follow-up care." Def.'s Mot. at 4. Accordingly, the government concludes that "it does not appear" plaintiff "can show the 'wanton state of mind' necessary" under the applicable standard. *Id.* (quoting *Hairston*, 99 Fed. Cl. at 699).

For his part, Mr. De La Cruz Jimenez resists transfer of his case, based on his misunderstanding that the recipient court would be a state court with no jurisdiction over the federal government, Pl.'s Resp. at 5, rather than the U.S. district court where F.C.I. Oakdale is located. But a "court can transfer the case even if not asked to do so by either party." *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999); *see also Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1375 (Fed. Cir. 2005) (citing *Phillips*). The "interest of justice" analysis is often framed as "relat[ing] to claims which are nonfrivolous and as such should be decided on the merits." *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citing *Zinger Constr. Co. v. United States*, 753 F.2d 1053, 1055 (Fed. Cir. 1985)). When a complaint presents "spurious and specious arguments" founded upon "legal points not arguable on their merits" and "those whose disposition is obvious," a court should decline to transfer the complaint to the appropriate forum. *Galloway Farms*, 834 F.2d at 1000 (citing *Devices for Med., Inc. v. Boehl*, 822 F.2d 1062, 1068 (Fed. Cir. 1987); *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987); *Reliance Ins. Co. v. Sweeney Corp., Md.*, 792 F.2d 1137, 1138 (D.C.

Cir. 1986)); *see also Paresky v. United States*, 139 Fed. Cl. 196, 212 (2018) ("Implicit in the Federal Circuit's framing, then, is the dichotomy between frivolous claims, which should not be transferred, and claims that are non-frivolous and as such should be decided on the merits." (cleaned up)).

To avoid burdening another court with a matter that may be frivolous, a court applying section 1631 must by necessity conduct a "limited review of the merits." *Phillips*, 173 F.3d at 611. But the lack of familiarity a court will have with matters outside of its jurisdictional competence should counsel against refusing to transfer a case unless it is "a sure loser," *id.*, particularly in respect to timeliness and exhaustion requirements. Concerning the latter, the complaint shows that within fourteen months of the first occasion on which plaintiff believed his medical needs were improperly ignored, he sent by certified mail to the Department of Justice and to F.C.I. Oakdale his unconventional written demand detailing his allegations and requesting payment, albeit of an absurdly high level of damages. Compl. Ex. A. It is not obvious to the Court that this written demand would fail to satisfy the presentment requirement under the FTCA, *see* 28 U.S.C. § 2675(a); *Mone v. United States*, 766 F. App'x 979, 985 (Fed. Cir. 2019); and the government does not even mention the possibility that Mr. De La Cruz Jimenez's complaint could be construed as raising an FTCA claim, *see* Def.'s Mot. at 1–4; Def.'s Reply at 1–3.[3]

In opposing the transfer of this case to a district court, the government relies on but one persuasive precedent from our court. Def.'s Mot. at 3–4 (discussing *Hairston*, 99 Fed. Cl. at 698–99). But that case, brought by a prisoner who had filed at least twenty federal cases and who had refused to cooperate with a medical provider, *Hairston*, 99 Fed. Cl. at 699–700, hardly resembles this matter, in which a prisoner has compiled eighteen affidavits from witnesses of his alleged mistreatment, *see* Compl. Ex. N, and medical records which show, among other things, his concern over a potential brain tumor due to family history, *id.* Ex. J at 11. And far from asserting that Mr. De La Cruz Jimenez's medical treatment claim was frivolous or "a sure loser," *Phillips*, 173 F.3d at 611, the government much more tentatively discusses what "medical records suggest" and what it believes "does not appear" to be demonstrable, Def.'s Mot. at 4. Moreover, in ignoring a potential FTCA claim, defendant fails to address whether the allegations could support plaintiff's gross negligence claim, which is determined under a lower standard than

---

[3] The Court notes that because the failure to exhaust administrative remedies is an affirmative defense under the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Fifth Circuit does not allow district courts to *sua sponte* dismiss *Bivens* actions alleging deliberate indifference to prisoners' serious medical needs, *see Chamberlain v. Chandler*, 344 F. App'x 911, 912–13 (5th Cir. 2009) (citing *Jones*, 549 U.S. at 216; *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007)).

a deliberate indifference claim, *see Delgado v. U.S. Marshal*, No. 6:12-cv-0347, 2014 WL 4387344, at *6–7 (W.D. La. Sept. 3, 2014); *Frost v. Young*, No. 2:12-CV-1985, 2012 WL 6043031, at *7 (W.D. La. Dec. 3, 2012); *see also Lewis v. City of Bastrop*, 280 So. 3d 907, 917 (La. Ct. App. 2019) (defining gross negligence).

Under these circumstances, the Court finds that it would be in the interest of justice to transfer, to the federal trial court serving the area where the prison is located, any tort and Eighth Amendment claims that Mr. De La Cruz Jimenez is attempting to raise. Thus, under 28 U.S.C. § 1631, the second cause of action shall be transferred to the United States District Court for the Western District of Louisiana.

### 2. The Contract Claims

The government has moved to dismiss the first cause of action, which is purportedly for breach of a contract, *see* Compl. ¶¶ 180–85, and the third cause of action, which seeks "specific performance" of the purported contract, *id.* ¶¶ 191–96, for failing to state a claim upon which relief can be granted, under RCFC 12(b)(6). Def.'s Mot. at 2–3. In response, Mr. De La Cruz Jimenez insists that there is an implied contract between him and the government, construing the government's failure to respond to his "Private International Remedy Demand" as the acceptance of his offer to contract. *See* Pl.'s Resp. at 3, 9–12, 16; Compl. Exs. A–G.

As the Federal Circuit has long held, an implied-in-fact contract requires the establishment of several elements: "(1) mutuality of intent to contract; (2) consideration; . . . (3) lack of ambiguity in offer and acceptance"; and (4) that "the Government representative 'whose conduct is relied upon [had] actual authority to bind the government in contract.'" *City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990) (quoting *Juda v. United States*, 6 Ct. Cl. 441, 452 (1984)). But even if every fact that Mr. De La Cruz Jimenez alleges is assumed to be true, *see Adams v. United States*, 391 F.3d 1212, 1218 (Fed. Cir. 2004), no reasonable inferences can come close to establishing these elements.

Instead of alleging any conduct on the part of the federal government from which an intent to contract and an unambiguous acceptance of Mr. De La Cruz Jimenez's offer (if the unusual demand document can be viewed as such, *see* Compl. Ex. A) may be inferred, plaintiff relies on the government's failure to respond, a *lack* of conduct. For silence or the lack of a response to constitute acceptance of an offer to contract, special circumstances showing a prior understanding between the parties must be alleged. *See Radioptics, Inc. v. United States*, 223 Ct. Cl. 594, 609 (1980) ("Silence may not be construed as an acceptance of an offer in the absence of special circumstances existing prior to the submission of the offer."); *Pressman v. United States*, 33 Fed. Cl. 438, 443 (1995) (noting "the general proposition that silence does not constitute acceptance of an offer, absent some prior understanding").

Nothing of this sort has been alleged by Mr. De La Cruz Jimenez, who merely mailed a document to the government containing statements such as this: "The parties are obligated to provide lawful defense by a responsive answer, as defined herein, or in the alternative consent to all terms and conditions of this notice." Compl. Ex. A at 9. Such contrivances have been uniformly rejected by our court and Federal Circuit as failing to allege the elements of a contract. *See, e.g., Gullet-El v. United States*, 666 F. App'x 893, 895 (Fed. Cir. 2016) (holding "the failure of government officials to affirmatively renounce the terms of the unexecuted contracts [plaintiff] sent to them is not sufficient to establish that the government accepted the terms of those contracts"); *Martin v. United States*, 102 Fed. Cl. 779, 785 (2012) (explaining "silence of the [government] simply does not qualify as an acceptance of the terms"); *Heydt v. United States*, 38 Fed. Cl. 286, 302 (1997) ("The Government's silence, or lack of response, cannot constitute an acceptance of [plaintiff's] demands for payment."); *Oyer v. United States*, No. 18-903T, 2019 WL 6358035, at *3–4 (Fed. Cl. Nov. 27, 2019) (rejecting a similar pleading as a "contrivance" improperly attempting to "launder[] . . . tort actions into matters coming within our jurisdiction over implied-in-fact contracts"); *Harris v. United States*, No. 13-69C, 2013 WL 4017276, at *2 (Fed. Cl. July 31, 2013).[4]

Moreover, rather than identify any prospective consideration he purported to provide to the government, Mr. De La Cruz only identifies his previous medical treatment. *See* Pl.'s Resp. at 12, 16. But "past consideration is no consideration." *Estate of Bogley*, 206 Ct. Cl. 695, 705 (1975); *Woll v. United States*, 45 Fed. Cl. 475, 477 (1999). And plaintiff makes no effort to establish that the federal officers and employees who failed to respond to his demand possessed the requisite authority to bind the government in a contract, *see Brunner v. United States*, 70 Fed. Cl. 623, 640–41 (2006), instead invoking general concepts of "[r]espondeat [s]uperior" and "[o]fficial [c]apacity," *see* Pl.'s Resp. at 12, 16. This is far from adequate to satisfy the authority element. *See City of El Centro v. United States*, 922 F.2d 816, 820–21 (Fed. Cir. 1990). For all the above reasons, no valid contract has been alleged, and thus the first cause of action fails to state a claim upon which relief can be granted. The government's motion to dismiss that cause of action is accordingly **GRANTED**.

As the third cause of action seeks specific performance of the contract that was not adequately pled, *see* Compl. ¶¶ 192–96, it can be dismissed for the same reasons. But this cause of action suffers from a more fundamental flaw, as it is

---

[4] Indeed, it is disappointing that Mr. De La Cruz Jimenez, who so meticulously documented his health problems and the BOP's alleged mistreatment of them, employed this artifice to try to conjure a contract out of nothing. A lack of jurisdiction may be found over an alleged breach claim "when the plaintiff's allegations are frivolous, wholly insubstantial, or made solely for the purpose of obtaining jurisdiction." *Columbus Regional Hosp. v. United States*, 990 F.3d 1330, 1341 (Fed. Cir. 2021).

well-established that our court cannot order specific performance as a contract remedy. *See Columbus Regional Hosp. v. United States*, 990 F.3d 1330, 1354 (Fed. Cir. 2021) (explaining that our court's breach of contract jurisdiction extends over claims "solely for money and not for injunctive relief or specific performance" (cleaned up)); *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000) (holding our court has "no authority to order" specific performance as a contract remedy); *Wood v. United States*, 961 F.2d 195, 199 (Fed. Cir. 1992) (noting that the specific performance contract remedy is not available in our court).[5] Accordingly, the government's motion to dismiss that cause of action, for failure to state a claim upon which relief can be granted, under RCFC 12(b)(6), is **GRANTED**.

### III. CONCLUSION

For the foregoing reasons, the government's motion to dismiss this case is **GRANTED-IN-PART** and **DENIED-IN-PART**. The first and third causes of action are dismissed under RCFC 12(b)(6) as failing to state claims upon which relief can be granted, and the Clerk shall enter judgment accordingly. But it is in the interest of justice that the second cause of action, raising tort and Eighth Amendment claims that are outside of our court's jurisdiction, be transferred pursuant to 28 U.S.C. § 1631. Accordingly, the Clerk shall **TRANSFER** the second cause of action to the United States District Court for the Western District of Louisiana. No costs shall be awarded.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Senior Judge

---

[5] In *Columbus Regional Hospital*, 990 F.3d at 1354, the Federal Circuit cited a case which, in turn, noted that our equitable power in bid protest cases was a narrow exception to this rule. *See Kanemoto v. Reno*, 41 F.3d 641, 645 (Fed. Cir. 1994).