UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RAFAEL DANIEL DE LA CRUZ JIMENEZ :   DOCKET NO. 2:21-cv-4053**
**REG. # 56269-004                                          SECTION P**

**VERSUS                              :          JUDGE JAMES D. CAIN, JR.**

**USA, ET AL.                          :          MAGISTRATE JUDGE KAY**

**MEMORANDUM ORDER**

Before the court is the civil rights complaint (doc. 1) filed by Rafael Daniel de la Cruz Jimenez, who is proceeding *pro se* and *in forma pauperis* in this matter. The matter was originally filed in the United States Court of Federal Claims on November 15, 2019 (doc. 1) and transferred, in part, to this Court on November 23, 2021 (doc. 21), as it involves allegations of deliberate indifference and/or gross negligence on the part of federal prison officials, arising out of de la Cruz Jimenez's incarceration at Federal Correctional Institute at Oakdale, Louisiana (FCIO). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

# I.
## BACKGROUND

Plaintiff alleges that he was injured by the deliberate indifference and gross negligence of federal prison officials at the Federal Correctional Center at Oakdale, Louisiana (FCIO), who failed to provide him timely and adequate medical care. Doc. 1. The Court of Claims dismissed plaintiff's claims sounding in contract and transferred the allegations of deliberate indifference and gross negligence to this Court. Doc. 19.

It is unclear at this time whether plaintiff is intending to allege deliberate indifference of prison officials pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 91 S. Ct. 1999 (1971), and/or whether he intends to bring a tort claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), against the United States.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Mr. de la Cruz Jimenez has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

Plaintiff claims that the defendants violated his constitutional rights while incarcerated at FCIO. Accordingly, this civil action may be fairly interpreted as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 91 S. Ct. 1999 (1971). Although plaintiff does not specifically invoke *Bivens* as the basis for his claims, federal courts have consistently construed actions brought by federal prisoners alleging constitutional violations as *Bivens* claims. "Because pro se complaints are liberally construed, the courts apply § 1983 or *Bivens* according to the actual nature of the claims, not the label or characterization of a pro se plaintiff." *Montgomery v. Deitelbaum*, No. 3:09-CV-2407-M-BH, 2010 U.S. Dist. LEXIS 14368, 2010 WL 582146, at *2 (N.D. Tex. Feb. 18, 2010) (citation omitted); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 675–76 (2009) ("In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983.'") (citations omitted); *Abate v. Southern Pac. Transp. Co.*, 993 F.2d 107, 110 n.14 (5th Cir. 1993) (noting that *Bivens* applies to constitutional actions by federal, rather than state, officials).

### C. FTCA

Under the FTCA, the Government may be held liable for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b)(1). Liability under the FTCA attaches where the Government, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *Id.* Thus, substantive state law determines whether a cause of action exists. *Johnston v. United States*, 85 F.3d 217, 219 (5th Cir. 1996); 28 U.S.C. § 1346(b)(1); see also *Ayers v. United States*, 750 F.2d

449, 452 n.1 (5th Cir. 1985) ("Under the [FTCA], liability for medical malpractice is controlled by state law."). Here, the Court would look to Louisiana law.

Louisiana law provides that "[a]ny medical malpractice claimant must establish, by a preponderance of the evidence: (1) the defendant's standard of care, (2) the defendant's breach of that standard of care, and (3) a causal connection between the breach and the claimant's injuries." *Poullard v. Pittman*, 6 So.3d 1064, 1067 (La. App. 2 Cir. 4/8/09), *writ den*., 17 So. 3d 969 (La. 2009) (citing La. R.S. 9:2794(A) and *Pfiffner v. Correa,* 643 So. 2d 1228 (La. 1994).

### III.
#### CONCLUSION

Before the Court can proceed with an initial review of this matter, Mr. de la Cruz Jimenez must first amend his complaint to clarify whether he intends to allege deliberate indifference on the part of prison officials pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 91 S. Ct. 1999 (1971), and/or whether he intends to bring a tort claim under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), against the United States. He should also clearly state which defendants he is proceeding against in the instant matter.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to de la Cruz at his last address on file, and send a 28 U.S.C. § 1983 form, along with the copy of this Order.

**IT IS ORDERED** that de la Cruz amend his complaint, on the proper form, within **forty (40) days**. Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co*., 82 S. Ct. 1386 (1962). De la Cruz is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

-5-

THUS DONE AND SIGNED in Chambers this 7th day of April, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE