UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RAFAEL DANIEL DE LA CRUZ JIMENEZ, #56269-004 | ) ) ) | CIVIL ACTION NO: 21-cv-04053 SECTION:  P |
| VERSUS | ) ) | JUDGE CAIN |
| UNITED STATES OF AMERICA | ) ) | MAGISTRATE JUDGE KAY |

**UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

COMES NOW Defendant, the United States of America, by and through Brandon B. Brown, United States Attorney for the Western District of Louisiana, and Desiree C. Williams, Assistant United States Attorney, which moves this Honorable Court to dismiss Plaintiff's Complaint and Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), on the following grounds:

**I.     Background**

    **A.     Plaintiff's Complaint**

Pro se Plaintiff brings this action pursuant to the Federal Tort Claims Act (FTCA) alleging negligence arising out of medical care he received at the Federal Correctional Complex in Oakdale, Louisiana (FCC Oakdale). [*See generally* Amended Complaint, Doc. 27].

Specifically, Plaintiff claims that in February 2017, he began experiencing severe headache, dizziness, fever, and other symptoms which he reported to medical and custody staff. [Doc. 27, pp. 2-3]. He claims staff accused him of feigning illness. [*Id*., p. 3]. Plaintiff also states that he collapsed on April 26, 2017 and required emergency transport to a local hospital. [*Id*.].

According to Plaintiff, the off-site hospital performed tests, diagnosed him with constipation, and discharged him back to the prison. [*Id.*, p. 4]. Plaintiff maintains that his symptoms persisted, and medical staff ordered that he be taken back to the local hospital in May 2017. [*Id.*]. During that visit, Plaintiff was diagnosed with a brain tumor and underwent surgery. [*Id.*, p. 5]. His Amended Complaint alleges that the after care provided at the prison was inadequate, and that conditions at the prison were unsanitary and inappropriate for the recuperation Plaintiff required. [*Id.*, pp. 5-6]. Plaintiff further indicates that his surgical incision leaked because he did not receive appropriate after care once he was returned to the prison after his surgery. [*Id.*, p. 7].

Plaintiff claims that his health issues have affected his ability to return to his pre-incarceration job as a commercial pilot. [*Id.*, p. 8]. He seeks $10,000,000.00 in damages. [*Id.*, p. 9].

  **B.**  **Administrative Claim and Case Filing History**

On July 17, 2017, the South Central Regional Office (SCRO) for the BOP received an administrative tort claim from Plaintiff which was based upon the alleged incident(s) made subject of this lawsuit. [Declaration of Zach Burns, with attachments, Government Exhibit A]. Then, on November 3, 2017, Plaintiff supplemented his administrative tort claim, and the BOP Regional Counsel's Office informed Plaintiff that he could expect a response to his claim on or before May 2, 2018. [*Id.*, ¶ 4]. The agency denied Plaintiff's administrative claim on March 30, 2018 [*Id.*]. At that time, the SCRO informed Plaintiff that he had six (6) months from the date of the denial response in which to bring a lawsuit in an appropriate United States District Court. Therefore, Plaintiff's filing deadline was September 30, 2018. [*Id.*].

The instant action was initially filed in the United States Court of Federal Claims on November 15, 2019. [Docket Report for case number 2:21CV04053]. The Court of Federal Claims

transferred the case to the Western District of Louisiana on November 23, 2021. [*Id*.]. Plaintiff's Amended Complaint states that this matter is brought pursuant to the Federal Tort Claims Act (FTCA).[1] [*Id*.] The United States is the sole defendant in this case. [*See generally* Amended. Complaint].

## II.     Fed. R. Civ. P. 12(b)(1)

Federal courts have limited jurisdiction, and without jurisdiction conferred by statute, federal courts lack the power to adjudicate claims. *Peoples Nat'l Bank v. Office of the Comptroller of the Currency of the United States*, 362 F.3d 333, 336 (5th Cir. 2004). A motion filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure provides an avenue for a defendant to challenge a district court's subject matter jurisdiction to hear a case. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing Fed. R. Civ. P. 12(b)(1)). A district court may find that subject matter jurisdiction is lacking based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The burden of proof in a Rule 12(b)(1) motion questioning subject matter jurisdiction rests entirely on the plaintiff. *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980)). Because a court must have jurisdiction before determining the validity of any claim, a Rule 12(b)(1) motion to dismiss must be resolved before any other challenge. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). A district court must dismiss an action if it finds that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

---

[1] This Court ordered Plaintiff to amend his Complaint to confirm whether he sought to assert *Bivens* claims, or whether he sought relief under the FTCA. [Doc. No. 22]. On June 21, 2022, Plaintiff filed an Amended Complaint wherein he declares that this action alleges violations under the FTCA. [Doc. No. 27].

3

### III. Argument and Analysis

#### A. The Court Lacks Subject Matter Jurisdiction Because Plaintiff's Action Is Time-Barred.

The United States, as a sovereign, has declared it is immune from suit except where it has consented to be sued. The FTCA constitutes a waiver of sovereign immunity. 28 U.S.C. § 2675(a). Particularly, the FTCA provides that the United States is liable for damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id*.

Pursuit of matters falling within this FTCA waiver of sovereign immunity requires a claimant to comply with both the two (2) year and six (6) month deadlines to bring suit in district court. 28 U.S.C. § 2401(b). The FTCA provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

*Id*. The Fifth Circuit addressed these requirements in *Houston v. U.S. Postal Service*, 823 F.2d 896, at 902. [(holding "the plaintiff…must meet the FTCA's administrative exhaustion requirements and then timely commence suit against the government as provided in 28 U.S.C. 2401(b))."]

In the instant case, BOP's denial letter, dated March 30, 2018, informed Plaintiff that he had six (6) months in which to bring suit in federal district court. Therefore, Plaintiff was put on notice of his obligation to timely file this action. [Burns Declaration with attachments, Gov. Ex. A]. Plaintiff failed to institute suit on or before September 30, 2018. Plaintiff filed this tort suit

in the wrong forum (Court of Federal Claims) on November 15, 2019 – over one year past the statutory deadline set forth in the FTCA. Accordingly, this action is time-barred and must be dismissed.

### IV. Conclusion

Based on the foregoing, Plaintiff's claims are time-barred by the FTCA, and Defendant requests that this case be dismissed pursuant to Fed.R.Civ.P. Rule 12(b)(1).

        Respectfully submitted,

        BRANDON B. BROWN
        United States Attorney

By:   *s/ Desiree C. Williams*
        DESIREE C. WILLIAMS (#30978)
        Assistant United States Attorney
        800 Lafayette Street, Suite 2200
        Lafayette, LA 70501
        Telephone: (337) 262-6618
        Facsimile: (337) 262-6693
        Email: desiree.williams@usdoj.gov